MARY E. RAND AND OTHERS *vs.* CHARLES W. BUTLER, AD-
MINISTRATOR, AND OTHERS.

A testator bequeathed certain property, real and personal, to trustees, the in-
come of which was to be expended for the comfortable support for life of his
grandson *B*, with the following provision : " On the decease of said *B* said
trustees are to transfer and deliver the property to my heirs-at-law, to be to
them and their heirs and assigns forever." *B* was the only living issue of the
testator at the time of the making of the will and of the death of the latter
and was incapable from mental weakness of managing his own affairs. He
died several years after, without issue. Upon the question whether the
heirs-at-law of the testator, who were to take upon *B's* death, were the heirs
at the testator's death or at *B's* death—in the former case the remainder
vesting in *B* himself as sole heir—it was held :

1.   That to warrant the giving to the word " heirs " any meaning different
from the ordinary and settled one it must clearly appear that such was the
testator's intention.
2.   That such an intention could not be inferred from the facts that *B* was men-
tally weak, that the testator had placed the property given him for his life
under a trust, and that he had used the word " heirs " in the will when *B*
was himself at the time his sole heir.
3.   That if the heirs-at-law intended by the testator were the heirs existing at
*B's* death, then the bequest was void under the statute against perpetuities, as
well as at common law.
4.   That the only warrantable construction was that which made the term mean
the heirs existing at the testator's death.
5.   That *B* was not to be excluded in ascertaining these heirs.

BILL IN EQUITY to open a decree passed by the Superior
Court giving a construction to a will, and praying for a new
hearing of the matter ; brought to the Superior Court in New
London county.

The will in question was that of John A. Fulton, formerly of the city of New London, who died in 1844. The will contained three devises and legacies to trustees for the benefit of his grandson, Thomas Bradley, which were all in the same terms, except as to the property given by them. The first one was as follows:

" I give, devise and bequeath the land and house belonging to me, situated at the corner of Richards and Huntington streets in said New London, to Ebenezer Learned of said New London, and my nephew Jonathan Perkins, of Medford in the state of Massachusetts, to be by them held in trust for the uses and purposes following: that is to say, the rents, profits, and income of said land and house, after deducting all necessary repairs, charges, and taxes, to be by them in such ways as their discretion may dictate expended for the comfortable support of my grandson, Thomas Bradley, of said New London, during his natural life, together with the income and profit of the other estate hereinafter bequeathed and devised to them, the said trustees, for that purpose. And on the decease of the said Thomas Bradley, then the said trustees are to deliver and transfer said land and house to my heirs-at-law, to be to them and their heirs and assigns forever."

The two other bequests were of personal property.

Robert Coit, of New London, had succeeded to the trust, and brought a petition to the Superior Court for advice as to the construction of the will. It was found that Thomas Bradley was, at the date of the will and at the death of the testator, his only living issue and heir, being the son of a daughter of the testator who had died several years before; that Bradley died intestate and without issue in 1876, and that he had been through life incapable, from mental deficiency, of managing his own affairs. The Superior Court advised the trustee that the heirs-at-law of the testator, who were to take the property on the death of Bradley, were those who were his heirs-at-law at the death of Bradley, and not at the death of the testator, and that Bradley consequently was not to be included as an heir-at-law. The

present petition was brought by sundry persons who were heirs-at-law of the testator, being representatives of his brothers and sisters, but issue of his nephews and nieces who were deceased at the time of Bradley's death. They had not been made parties to the former petition, and now prayed that the decree in that case be opened and a new hearing had.

The case was reserved upon these facts for the advice of this court.

*A. C. Lippitt,* and *J. C. Joy* of Boston, for the petitioners.

By the terms of the will Bradley never had any interest at law in the devised property; a legal estate therein, both in the personalty and realty, vested for his life in the trustees; and the remainders thereof vested in those persons, exclusive of Bradley, who were the testator's heirs-at-law at the time of his death. *Doe* v. *Lawson,* 3 East, 278; *Stert* v. *Platel,* 5 Bing. N. C., 434; *Nicholson* v. *Wilson,* 14 Sim., 549; *Baldwin* v. *Rogers,* 3 DeG., M. & G., 649; *Childs* v. *Russell,* 11 Met., 16; *Brown* v. *Lawrence,* 3 Cush., 390; *Abbott* v. *Bradstreet,* 3 Allen, 587. Or by the terms of the will a legal estate for Bradley's life vested in the trustees with contingent remainders to the testator's heirs-at-law. *Briden* v. *Hewlett,* 2 Mylne & K., 90; *Booth* v. *Vicars,* 1 Coll., 6; *Pinder* v. *Pinder,* 28 Beav., 44; *Chalmers* v. *North,* 28 id., 175; *In re Greenwood's Will,* 3 Giff., 390; *Lees* v. *Massey,* 3 De G., F. & J., 113. And in either case Bradley is excluded from taking as the testator's heir-at-law. *Jones* v. *Colbeck,* 8 Ves., 38; *Bird* v. *Wood,* 2 Sim. & St., 400; *Butler* v. *Bushnell,* 3 Mylne & K., 232; *Minter* v. *Wraith,* 13 Sim., 52; *Cooper* v. *Denison,* 13 id., 290; *Say* v. *Creed,* 5 Hare, 580. Under the statute, the whole estate should be distributed equally to the brothers and sisters of the deceased of the whole blood and those who legally represent them. The petitioners take by representation. Gen. Statutes, p. 373, sec. 8; 1 Swift's Dig., 115–118; *Kennedy* v. *Kennedy,* 1 Swift's System, 286; *Cook* v. *Catlin,* 25 Conn., 387.

*H. W. Murray*, of Boston, and *G. Greene, Jr.*, for the respondent heirs.

*First.* The heirs-at-law are ascertainable at the testator's death.

1. The fact that the person to whom the estate for life is given is such heir is not sufficient ground to vary the general rule. 1 Red. on Wills, ch. 9, sec. 30, art. 21, and note; *Holloway* v. *Holloway*, 5 Ves., 399; *Doe* v. *Lawson*, 3 East, 278; *Bullock* v. *Downes*, 9 H. L. Cases, 1; *Mortimore* v. *Mortimore*, L. Reps., 4 App. Cases, 448; *Abbott* v. *Brad-street*, 3 Allen, 587, and cases cited by the court; *Gold* v. *Judson*, 21 Conn., 624; *Boydell·* v. *Golightly*, 7 Jurist, 53; *Wilkinson* v. *Garrett*, 2 Coll., 643; *Ware* v. *Rowland*, 2 Phill., 635; *Urquhart* v. *Urquhart*, 13 Sim., 613; *Nicholson* v. *Wilson*, 14 id., 549; *Allen* v. *Thorp*, 7 Beav., 72; *Seiffert* v. *Badham*, 9 id., 370; *Lasbury* v. *Newport*, id., 376; *Cable* v. *Cable*, 16 id., 507; *Gorbell* v. *Davison*, 18 id., 556; *Lee* v. *Lee*, 1 Drew. & Sm., 85; *Bird* v. *Luckie*, 8 Hare, 301; *Jen-kins* v. *Gower*, 2 Coll., 537; *Day* v. *Day*, 4 Irish Rep. Eq. Series, 385; *Baldwin* v. *Rogers*, 3 De G., McN. & G., 649; *Philps* v. *Evans*, 4 De G. & Smale, 188; *Mortimer* v. *Slater*, 7 L. Reps., Chan. Div., 322; *Stert* v. *Platel*, 5 Bing. N. C., 434; *Abbott* v. *Bradstreet*, 3 Allen, 587; *Gold* v. *Judson*, 21 Conn., 624.

2. To vary this general rule there must be the clearest·· evidence of a contrary intent in the testator. There is none in this case. *Gold* v. *Judson*, 21 Conn., 624.

3. To make the heirs ascertainable only on the death of Thomas Bradley would be to create by construction a con-tingent estate instead of a vested one, which is contrary to the policy of the law that remainders must·be construed as vested if possible. 2 Washb. on R. Prop., book 2, ch. 4, § 1, art. 18. A legacy to a person or class to be paid or divided at a future time takes effect on the death of the testator. *Dale* v. *White*, 33 Conn., 296.

*Second.* If the gift to heirs-at-law means those who held that position at Bradley's death, it offends the statute against perpetuities. Gen. Statutes, p. 352, § 3.

Rand v. Butler.

1. It must not be possible that the estate *may* remain unvested beyond the allowed limit. It makes no difference if on the event, to wit, Bradley's death, the petitioners are found in fact to come within the statutory limit. Redfield on Wills, ch. 7, § 38, art. 14; 2 Washb. R. Prop., book 2, ch. 7, § 2, art. 3; *Brattle Square Church* v. *Grant*, 3 Gray, 152; *Fosdick* v. *Fosdick*, 6 Allen, 41; *Jackson* v. *Phillips*, 14 id., 572; *Jocelyn* v. *Nott*, 44 Conn., 55.

2. The gift to heirs is to a class. If one of the class offend the statute, so does the whole class. The petitioners must show that not one of the class they claim should take can offend the statute, or the bequest to them is void. 2 Washb. R. Prop. (supra); 1 Jarman on Wills, 261. The bequest must not be construed so as to make it void. It was impossible, at the testator's death, to say whether every one of those persons who, at the then future period of Thomas Bradley's death, should stand in the relation of heirs to the testator, would have been born at the date of the will, or would be the immediate descendants of persons living at the date of the will. The bequest, therefore, as construed to be a bequest to those who at Bradley's death should be the testator's heirs, is void.

3. If the bequest is void, the statute of distributions would, if the former decree had never been passed, give the personality to Thomas Bradley. 2 Washb. R. Prop. (supra); *Brattle Square Church* v. *Grant*, 3 Gray, 156.

*Third.* As to the ancestral real estate, the petitioners need no decree to enforce any rights they may have. But as to the personality, which is the bulk of the estate, they have no rights to enforce, since they are not the heirs-at-law of the testator. The petitioners are collateral relatives, whereas Thomas Bradley, the testator's grandson, was his sole heir at his death.

*W. C. Crump* and *J. Halsey*, for R. Coit, trustee.

PARK, C. J. The question in this case is, whether the expression "to my heirs-at-law" in the three devises and legacies in trust for Thomas Bradley, means the heirs-at-law

of the testator at the time of his own death or his heirs-at-law at the time of the death of Bradley. Those who contend for the latter construction claim that by clear implication Bradley is excluded from the class who take as heirs, although a grandson of the testator, and at the death of the latter his sole living issue and heir; for if he were to be included among the heirs-at-law he would, by his legal representatives, take the whole and exclude all other heirs; while the testator put the property given him under a trust for his life on account of his imbecility, and has also used the plural word "heirs" in each of the clauses in question, showing that he had in mind more than one heir.

In the case of *Gold et ux.* v. *Judson et al.*, 21 Conn., 616, it was held that to give to the word "heir" in a will a different construction from its usual and legal acceptation, the intention of the testator must be clear and decisive. According to this rule, the claim of the petitioners that Bradley should be excluded from consideration in ascertaining the heirs at the death of the testator, must fail, for there is nothing in the will that shows at all clearly that the testator gave to the word "heirs" a different meaning from that which the word ordinarily imports. The fact that the property was put into the hands of trustees for the benefit of Bradley during his life, from which it may be inferred that he regarded him, as is found to have been the fact, as incapable of managing his own affairs, is clearly insufficient of itself. And it is not materially aided by the fact that he speaks of his *heirs* in the plural number, while Bradley was his sole heir. This is the common mode of expression in wills. Hence, if this will should be so construed that the heirs must be ascertained at the death of the testator, the remainder would vest in Bradley as sole heir, and he would take the property to the exclusion of all others, and on his death the petitioners would have no interest in any part of the estate except the realty, which, being ancestral estate, all those of the blood of the testator may take by inheritance.

But if the heirs of the testator intended are those who

Rand *v.* Butler.

were such at the death of Bradley, the same result would be reached; for in that case the clauses of the will under consideration would be void by the statute against perpetuities, which declares that "no estate in fee simple, fee entail, or any less estate, shall be given by deed or will to any persons but such as are, at the time of making such deed or will, in being, or to their immediate issue or descendants." Gen. Statutes, tit. 18, ch. 6, sec. 3.

Under this statute it has been held that any conveyance by devise, bequest or grant which may by possibility violate the statute, is void, whether it does so in fact or not. In the case of *Jocelyn* v. *Nott*, 44 Conn., 55, the court say: "All estates must vest during the lifetime of some person in being or the lifetime of the issue of some person in being." And the same necessity exists by the common law, which requires that limitations by way of executory devise must be made to take effect after the death of the testator, during the life or lives of persons in being and twenty-one years afterwards, and any such devise which by possibility may not so take effect has been held to be void. Such is the common law of England, as also of Massachusetts and other of our sister states. *Brattle Square Church* v. *Grant et al.*, 3 Gray, 142; *Sears* v. *Russell et al.*, 8 Gray, 86; *Fosdick* v. *Fosdick*, 6 Allen, 41.

It follows, therefore, that if a proper construction of the will requires that the heirs of the testator should be selected on the death of Bradley, the remainder over would be void, leaving Bradley to inherit the property.

Hence we see that in either view of the case the petitioners can have no interest in the personal property, of which the estate is largely composed, and the realty, being ancestral estate, is open to them in actions at law, if they are of the blood of the testator and entitled to share in it.

We advise judgment in favor of the respondents.

In this opinion the other judges concurred, except GRANGER, J., who dissented.