LYNDE HARRISON, ADMINISTRATOR, *v.* CHARLES MOORE
ET AL.

First Judicial District, Hartford, May Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

By his will *S* divided the residue of his estate, real and personal, into three equal parts, one of which he gave to his widow during her life, with power to sell any real estate distributed to her and the right to the income of the avails of such sale, with remainder in fee to his two daughters; another third he gave to his daughter *M* and her children in fee. The remaining one third he gave to his daughter *D*, providing for its investment until she became twenty-three, "when she shall come in full possession of the same." The personal property comprising the residue was formally distributed, one third each to the widow and the two daughters, but the shares set to the widow and to *D* in fact remained in the hands of the executor. Subsequently *D* died before reaching the age of twenty-three, leaving a will by which all her interest in her father's estate was given in fee to her mother. *Held:*—

1. That the property given *D* vested in her in right at the death of the testator, and passed to her mother under *D's* will.

2. That the widow's life estate in one half of the third part set out to her under the will of *S*, merged in the fee of the same property given her by the will of *D*.

3. That the administrator *de bonis non* on the estate of *S*, with the will annexed, should pay over to the executrix of *D's* will all the personal property distributed to *D* under the will of *S*, and also one half of the personal property distributed to the widow of *S* for life.

4. That if any realty set to the widow should be sold by her under the power given her by the will of *S*, she would be entitled to one half of the avails thereof in fee.

[Submitted on briefs May 1st—decided May 29th, 1894.]

SUIT for the construction of the will of Henry M. Stannard of Westbrook, deceased; brought to the Superior Court in

Middlesex County and reserved by that court, *Phelps, J.*, upon the facts stated in the complaint, for the advice of this court.

The case is fully stated in the opinion.

*Lynde Harrison*, for the plaintiff.

No counsel appeared for the respondents.

ANDREWS, C. J.    Henry M. Stannard late of Westbrook, died on the —— day of ——, 1875, leaving a will duly executed to pass real estate and personal property, in which, after some minor specific legacies, he provided as follows :—

"*Eleventh.* I give, devise and bequeath to my beloved wife, Mary Tyler Stannard, the use, improvement, and income of one-third of all the remainder of my real estate, personal, and of every description whatsoever, for her sole use and benefit, for and during her natural life; and if it shall be deemed best to sell my real estate that may be set out to her, she may do so, and convey the same by deed, provided the avails thereof be invested or loaned on real estate security to double the amount, and she to receive the interest during her natural life; and at her death I give, devise, and bequeath to my children and to their heirs respectively, to be divided in equal shares between them.

"*Twelfth.* I give and bequeath and devise to my daughter Mary Isabel, wife of Charles A. Moore, one-third of all the rest and residue of my estate both real and personal, to hold the same to her and her heirs, to her sole and separate use, free from the influence or control of her husband, at her death to go immediately to her children, if she have children at that time.    It is my will and direction that in case of her husband's surviving her (my said daughter Mary Isabel) he shall not have any use or improvement of the same; but that it be for her children.

"*Thirteenth.* I give, devise and bequeath to my daughter Dora Elouise Stannard one-third of all the residue and remainder of all my estate, real, personal and of every de-

scription, the same to be loaned on real estate security free and unencumbered with double the amount loaned, said estate to be situated in the State of Connecticut, in Connecticut bank stock, United States bonds, or Connecticut State bonds, so to remain until she is twenty-three (23) years old, when she shall come in full possession of the same, but the income as far as necessary may be used for her education and support."

Proceedings in the settlement of Mr. Stannard's estate were duly had in the probate court for the district of Westbrook. All administration accounts were presented and allowed; and a distribution was ordered. On the 9th day of May, 1878, the distributors made their return to the said court, in which it was stated that they had distributed to Mrs. Mary T. Stannard in personal property $9,010.95; to Mary Isabel Moore $9,317.07; and to Dora Elouise Stannard $9,010.95. The administrators delivered to Mrs. Moore the amount so distributed to her. But the greater part of the amount distributed to Mrs. Stannard, and the whole of that distributed to Dora Elouise Stannard, was not delivered to them but remained in the hands of the administrators. The plaintiff is the administrator *de bonis non* of the estate of said Henry M. Stannard with the will annexed, and said funds amounting to $——— are now in his hands for the purpose of accounting and settlement with the proper parties entitled thereto.

At the time Mr. Stannard died, his daughter Dora Elouise Stannard was between fifteen and sixteen years of age. She died on the 17th day of June, 1880, being then of the age of twenty years and eleven months. She had made a will on the 8th day of August, 1877, when she was of the age of eighteen years. So much of which as is essential is as follows: "*First:* I give, devise and bequeath to my mother, Mary T. Stannard, all my estate, both real and personal, including all the interest I may have in the estate of my late father, Henry M. Stannard, whether the same be undistributed, in remainder, or otherwise, to be and remain hers in fee simple, provided, my said mother shall not die intestate

before the settlement and distribution of my estate." \* \* \*
"*Fourth:* I appoint my mother, Mary T. Stannard, the executrix of this will."

This will of Dora Elouise Stannard was duly proved and approved by the court of probate in the said district of Westbrook; and Mrs. Mary T. Stannard, therein named as the executrix, duly qualified and has proceeded with a partial settlement of the estate.

The complaint avers that certain questions have arisen and various claims have been made by the parties interested as to the construction, validity and legal effect of certain of the provisions, bequests and trusts contained in said will of Henry M. Stannard, and the effect of said will of Dora Elouise Stannard, among which are the following: First, whether under the will of Henry M. Stannard, Dora Elouise Stannard had the power to dispose by will of that portion of the estate of Henry M. Stannard, which was ordered to be distributed to her but could not be delivered to her until she should arrive at the age of twenty-three years. Second, whether Dora Elouise Stannard could dispose by will of her interest in that personal or real property of which her mother had the life use, during the lifetime of her mother. Third, whether under the wills of Henry M. Stannard and of Dora Elouise Stannard one half of the estate distributed to the life use of Mary T. Stannard has become the estate in fee simple of Mary T. Stannard. Fourth, whether the plaintiff as administrator has the power and right to deliver to the executrix of Dora Elouise Stannard all the personal property which he has received and which has been ordered to be distributed to Dora Elouise Stannard, but was never in fact delivered to her or to her executrix. Fifth, whether the plaintiff as administrator of the estate of Henry M. Stannard has the right to deliver to Mary T. Stannard, to be held by her in fee simple, all of the personal estate distributed to the life use of said Mary T. Stannard, except one half of the same. Sixth, whether if any real estate is sold under the provisions of the eleventh section of the will, one half of the avails may be distributed to Mary T. Stan-

nard in fee.   These questions are reserved for the advice of this court.

The language of the thirteenth section of the will of Henry M. Stannard makes it quite certain that his intention was to give his daughter Dora Elouise one third of the rest and residue of his estate absolutely ; to vest in right at his death, but the possession and enjoyment to be postponed until she should reach the age of twenty-three years.   In the absence of a clear manifestation of an intent on the part of a testator to postpone to some time after his death the vesting of the title of his estate in his children, the nearest objects of his love and bounty, the law prefers and presumes he intended it should vest at the moment when the will should become operative.   *Johnes* v. *Beers*, 57 Conn., 295; *Lepard* v. *Skinner*, 58 id., 329; *Platt* v. *Platt*, 42 id., 330; *Jacobs* v. *Bradley*, 36 id., 365; Jarman on Wills, chap. 25. The language of the eleventh section of Mr. Stannard's will manifests the same intention that his said daughter, Dora Elouise, should take a vested interest in one half the remainder of the property, the use, improvement and income of which was devised in said section to his wife, Mary T. Stannard.

The will of Dora Elouise Stannard was made on the 8th day of August, 1877, when she was eighteen years of age. By the statute then and ever since in force, she was competent at that time to make a valid will.   Revision of 1875, p. 368, § 1; General Statutes, 1888, § 537.   And any testator may by will dispose of any property or estate, or any interest in any estate or property, in which or to which he has any sort of a transferable right.   We think the first and second questions should be answered in the affirmative.

By the eleventh section of Mr. Stannard's will, his wife, Mary T. Stannard, was made tenant for her own life in one third of the rest and residue of his estate, with a remainder over in fee in equal shares to his two daughters.   A limitation of this kind may be created by will in personalty as well as in real estate.   *Dodge* v. *Griggs*, 2 Day, 28; *Taber* v. *Packwood*, id., 52; *Hudson* v. *Wadsworth*, 8 Conn., 361;

*French* v. *Hatch*, 28 N. H., 331, 352; *Westcott* v. *Cady*, 5 John. Ch., 334. By the will of her daughter Dora, Mrs. Stannard has now become herself the tenant in fee in one half of the remainder so created. As to that half the life estate is merged in the fee. " When a less estate and a greater limited subsequent to it, coincide and meet in one and the same person without any intermediate estate, the less is immediately annihilated, or in the law phraseology, is said to be merged, that is sunk or drowned in the greater; or to express the same thing in other words, the greater estate is accelerated so as to become at once an estate in possession." Broom & Hadley's Com., Vol. I., p. 630. See *Rockwell* v. *Swift*, 59 Conn., 289, a case analogous. Also, *Shelton* v. *Hadlock*, 62 Conn., 155; *Landers* v. *Dell*, 61 id., 189. The third question must also be answered in the affirmative.

What we have already said disposes of the fourth and fifth questions. It follows that each of them is to be answered in the affirmative.

By the eleventh section of Mr. Stannard's will, Mrs. Stannard was authorized to sell and convey any of the real estate which might be set to her under the provisions of that section. If she should do so the avails should undoubtedly be treated as any other personal property included in the third of the rest and residue set out to her. One half of such avails would belong to her in fee by virtue of the will of her daughter Dora. The sixth question is therefore to be answered in the affirmative.

The Superior Court is advised that each of the questions propounded in the complaint should be answered in the affirmative.

In this opinion the other judges concurred.