THE HARTFORD TRUST COMPANY, TRUSTEE, *vs.* WILLIAM
W. WOLCOTT ET ALS.

First Judicial District, Hartford, October Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

A testatrix, who died in 1884, bequeathed a sum of money to the children of her sister, to be equally divided among those who were living at the time of her own decease, except the portion of *H*, which was given to her executor and executrix, in trust, to pay the income thereof to *H* during his life, and, at his death, to pay

Hartford Trust Co. *v.* Wolcott.

the principal to "such of his legal representatives as are related to me by blood." The persons named as executor and executrix were also made her residuary legatees. *H* died in 1910, leaving as his sole heirs at law two brothers who were living at the testatrix's decease. *Held:*—

1. That by the term "legal representatives" the testatrix intended the heirs at law of *H* and not his executors or administrators.

2. That inasmuch as it could not be determined until his death whether *H* would leave any legal representatives related by blood to the testatrix, or, if he did, who or how many they would be, the gift over on *H's* death was a contingent remainder.

3. That the expression "such of his legal representatives as are related to me by blood" was to be taken as referring to those who were such at *H's* death, rather than at the death of the testatrix.

4. That as it was possible that *H's* heirs at law might be children of persons not in being at the death of the testatrix, the gift over to them was void, as contravening the statute against perpetuities in force in 1884 when the testatrix died; and that it was immaterial that in point of fact *H's* only heirs were in being at the time of her death.

5. That the same objection applied to the contention that the gift over might be treated as one to a class, since there could be no legally created class the members of which might possibly be within the prohibition of the statute.

6. That the gift over upon *H's* death was therefore void, and passed under the general residuary clause to the residuary legatees.

A general residuary clause shows an intent to avoid partial intestacy.

By making a particular bequest a testator undoubtedly manifests his intention that such property shall not become a part of his residuary estate; but this does not prove that he does not intend that, in case the legacy should fail, the property should then go to the residuary legatee.

In suits involving the construction of wills, cases cited as precedents can have little or no weight unless the facts are substantially identical.

Argued October 5th, 1911—decided January 5th, 1912.

SUIT to determine the validity and construction of the will of Lucy A. Noyes of Hartford, deceased, brought to and reserved by the Superior Court in Hartford County, *Williams, J.,* upon the facts stated in the complaint, for the advice of this court.

*Charles M. Joslyn,* for the plaintiff.

*John T. Robinson*, with whom was *Francis W. Cole*, for William W. Wolcott *et al.*

*John H. Buck*, for Henry S. Stearns *et al.*, executors.

*Edward L. Steele*, for the estate of Lucy A. Noyes.

THAYER, J. The testatrix died in September, 1884, leaving a will, of which the fifth clause, out of which arise all the questions upon which our advice is sought, reads as follows: "*Fifth*. I give and bequeath to the children of my sister, Emily Wolcott, the sum of thirty thousand dollars ($30,000), the same to be equally divided among those living at the time of my decease or paid to the survivor of them, *except* that I give such portion as would under this bequest go to Horace Wolcott, to my executor and executrix in trust, to pay the income thereof to him semi-annually during his life and at his death to pay and deliver the principal of said trust· to such of his legal representatives as are related to me by blood." Horace Wolcott and the defendants William W. and Abiathar R. Wolcott were the three children of the sister Emily Wolcott. They were in life at the time the will was made, and survived the testatrix. Horace died in September, 1910, without issue. His two brothers are his sole heirs at law. Zayde E. Bancroft, a sister-in-law of the testatrix, and Dr. Henry P. Stearns, who was not a relative, were made her residuary legatees and devisees; they were also named as the executor and executrix of the will. The questions for determination are: (1) "Is the trust over under the fifth clause of said will valid, and are the said William W. Wolcott and Abiathar R. Wolcott entitled to receive the principal of said trust fund?" (2) In the event that the trust over is void, does the trust fund go to the administrator *de bonis non* of the testatrix as intestate

estate, or, as testate estate, to the representatives of the residuary devisees and legatees named in the will?

All parties to this proceeding agree that by the term "legal representatives" the testatrix intended the heirs at law of Horace Wolcott and not his executors or administrators, and it is apparent that this must be so, for she directs that the trust fund shall be paid to such of them as are related to her by blood. She would not have used this language had she been referring to executors or administrators.

The remainder thus attempted to be given to the heirs of Horace Wolcott was a contingent one; it could not vest until his death. Until that event, it could not be known whether he would leave heirs who were related to the testatrix by blood; and, if he left such heirs, their names and number, and consequently the number and size of the shares to be distributed, could only be determined at his death. It was possible, manifestly, that his heirs might be children of persons not in being at the date of the testatrix's death. This possibility rendered the attempted gift of this remainder void as within the prohibition of the statute against perpetuities in force when the will took effect. *Wheeler* v. *Fellowes*, 52 Conn. 238, 244; *Tingier* v. *Chamberlin*, 71 Conn. 466, 469, 42 Atl. 718. The fact that, as things turned out, the heirs of Horace were his brothers, relatives by blood of the testatrix, and persons who were in being at the time of her decease, cannot affect the construction of the will. *Bartlett* v. *Sears*, 81 Conn. 34, 41, 70 Atl. 33.

It is claimed that the statute against perpetuities is inapplicable to this case, because, as claimed, the term "his legal representatives" is to be taken as referring to those who at the death of the testatrix rather than at the death of Horace would be his next of kin of the blood of the testatrix. This is not the natural construction

of the language used. Such a construction might carry the fund to collateral heirs, although there were children of Horace born after the death of the testatrix. There is nothing in the facts appearing in the record to call for or warrant such a construction. On the contrary, it seems clear that the intention of the testatrix was that after the death of Horace the fund should go to his descendants, should there be any, if not, then to collaterals of the blood of the testatrix. Cases are cited in support of the construction contended for. The construction given to similar language in those cases was based upon the facts peculiar to them, and those cases have little or no weight as precedents in other cases, unless the facts are substantially identical.

Attention has been called to the fact that in the expression "to such of his legal representatives as are related to me by blood" the testatrix used the present tense of the verb. The expression was appropriate whether the reference was to the date of her own death or to that of her nephew. To whichever date reference is made, the intention expressed would be that of his then existing heirs the fund shall be paid to such "as are related to me by blood."

It is also said that this is a gift to a class, and that when some of the members of the class are competent to take and others not, those eligible can take the entire gift to the exclusion of those members who fall within the prohibition of the statute. That rule can only apply to cases where there is a class legally created. The claim overlooks the fact that in the present case the members of the class attempted to be created were not in existence at the death of the testatrix; that they can only be ascertained after the death of Horace, when the time comes for distribution; and that, as already pointed out, it is possible that the persons then falling within the class may be those falling within the

prohibition of the statute which makes the attempted gift void. The individuals who are to constitute the class being uncertain until the death of the life tenant, and it being possible that the individuals may then be persons coming within the prohibition of the statute, there was no class. *Anthony* v. *Anthony*, 55 Conn. 256, 259, 11 Atl. 45.

The gift over being void, the remaining question is whether the trust fund becomes intestate estate of the testatrix or goes to her residuary legatees. The general rule is that the residuary legatee under a general residuary clause takes all the personal property not otherwise disposed of by the will, unless it clearly appears from the will that this was not the testator's intention. Lapsed legacies and void legacies are included in what "is not otherwise disposed of." *Bristol* v. *Bristol*, 53 Conn. 242, 255, 5 Atl. 687; *Bartlett* v. *Sears*, 81 Conn. 34, 47, 70 Atl. 33. It will be presumed, ordinarily, from the fact that a testator has attempted to make a particular legacy, that it was not his primary intention that the property so attempted to be disposed of would become a part of his residuary estate. But this fact does not show that in case the legacy should lapse, or be void, or fail for any reason, the testator did not intend that the property thus attempted to be disposed of should then go to the residuary legatee. It would be easy, if he intended otherwise, to provide for the contingency of the lapsing or other failure of the legacy. The fact that the will contains a general residuary clause shows an intent to avoid partial intestacy. *Warner* v. *Willard*, 54 Conn. 470, 472, 9 Atl. 136. And such intent is always to be presumed where there is a general residuary clause, unless it appears from the will that the testator did not so intend. In the present case there is nothing to show that the testatrix intended intestacy as to this trust fund in case the gift over should fail.

Our attention has not been called to anything in the will which is claimed to show such intent except the fact that the gift over was to go to persons of the blood of the testatrix, and that the residuary legatees are not such persons. But it cannot be inferred from these facts that she intended intestacy as to this fund if the gift over to the heirs of her nephew who were of her blood should fail. It might have failed had there been at his death a failure of such heirs. It is quite as likely that she intended the fund, in that event, or in fact in any other, should go to her residuary legatees under the will, as that, through intestacy, it should go to her own heirs whom she had excluded by the ineffective provision. The case falls within the general rule.

The Superior Court is advised that the gift over to the heirs of Horace Wolcott was void, and that the trust fund should be paid to the administrators of Zayde E. Bancroft and the executors of Henry P. Stearns, the residuary legatees, one half to each.

No costs in favor of either party will be taxed in this court.

In this opinion the other judges concurred.