ROGER S. NEWELL, EXECUTOR, ET AL. *vs.* MARY P. BEECHER.

First Judicial District, Hartford, October Term, 1922.
WHEELER, C. J., BEACH, BURPEE, KEELER and HINMAN, Js.

A general residuary clause in a will evinces the testator's intent to avoid partial intestacy.

One may have the use for life of an estate under a will and take the fee either as an heir at law upon the termination of the life estate, or— as in the present case—under the will as one of the residuary legatees.

When two contingencies are provided for in a bequest and only one has arisen, the bequest is to be construed in the light of that contingency and without regard to that which has not occurred.

A testator placed substantially all of his property in trust, directing his trustee to pay over the income on one third part thereof to two successive life tenants, but made no disposition of the fee of this third; the second third he disposed of completely; with respect

Newell *v.* Beecher.

to the remaining third the trustee was directed to use the income thereof as he deemed advisable for the welfare, comfort and advancement of the testator's nephew John, until he reached forty, when the principal of the fund was to be paid to him. The testator then gave "all the rest and remainder" of his estate "to such of my nephews as shall be living at the time of my decease," J's share, however, to be held in trust under the terms and conditions set forth for the one-third interest previously given for his benefit. Later, by codicil, the testator revoked the gift of the one-third interest to J, made certain bequests from that part of his estate, and then gave the remainder of it in trust for J, who was again to receive the principal at the age of forty, subject, however, to the absolute power of the trustee to withhold income or principal if because of J's habits the trustee considered him incapable or unworthy of receiving the estate; and in the event of J's death before forty, or the trustee's decision that J was so unworthy, the estate should become part of the residue disposed of by the original will. The codicil expressly republished the will except as altered by it. At the testator's death two nephews, J and H, were living, but J died before reaching the age of forty. *Held:*—

1. That under the residuary clause of the will, the nephews took as a class, definitely fixed at the death of the testator, and that J, as a member of the class, took a vested interest, upon the testator's decease, equally with H, in all undisposed of estate, including the remainders after the death of life tenants, and in the one-third part of which he himself had received the income.

2. That this estate was not divested by his death before reaching the age of forty, but passed to his personal representatives for disposal as his estate.

3. That the income accrued on the fund given by the codicil for J's use and benefit, but not paid over to him in his lifetime, was payable to his administrator; and the income accruing after J's death was payable one half to J's administrator and one half to the testator's nephew Henry.

Argued October 4th—decided December 11th, 1922.

SUIT to determine the construction of the last will and codicil of John H. Beecher of Bristol, deceased, brought to and reserved by the Superior Court in Hartford County, *Kellogg, J.*, upon a finding of facts, for the advice of this court.

*William N. DeRosier,* for the plaintiffs.

*Epaphroditus Peck*, for the estate of John H. W. Beecher.

*Edward M. Day*, for Henry C. Beecher.

*Robert P. Butler*, for Mary P. Beecher.

*Harrison T. Sheldon*, with whom was *William B. Gumbart*, for Aymer J. Beecher.

WHEELER, C. J.   The will of John H. Beecher gave the residue of his estate to Roger S. Newell in trust for the following uses: 1. To pay to his wife, Mary P., the income from one third for her life, and at her decease to pay this income to his adopted son, Aymer, for his life.   No disposition of the remainder of this one third was specifically made by the testator.   2. To pay to his brother, Joseph, the income of one third for his life, and upon his decease to pay to his son Henry C., the income from this one third for his life. Upon the decease of both Joseph and Henry C., to transfer this one third to Chauncey, the son of Henry C., to be his absolute property.   This one third was thus fully disposed of.   3. To take entire charge, as set forth in paragraph six of the third clause of the will, of the remaining one third and use the income at the discretion of the trustee for the welfare of John Henry W. Beecher, nephew of the testator, until, as the will provides, he "shall arrive at the age of forty years, at which time the principal of said fund shall be paid and delivered to my said nephew."   No provision is made for the contingency of John Henry dying before arriving at the age of forty years.   The fourth clause of the will is as follows: "All the rest and remainder of my estate I give, devise and bequeath to such of my nephews as shall be living at the time of my decease.   If under

the terms of this paragraph my said nephew, John Henry W. Beecher, shall acquire any of my property, I devise and bequeath the same to my said trustee, Roger S. Newell, upon the terms and conditions as above set forth, in the trust established for said John Henry W. Beecher."

Thereafter the testator executed a codicil in which he cancelled paragraph six of the "third" item of his will, which covers the provision above referred to giving the use of one third to John Henry for his life and the principal thereof upon his arriving at the age of forty years, and makes certain provisions in lieu of paragraph six. These comprise certain small bequests from this one third, and in addition to the provision in the will for his wife, the testator directs his trustee to pay to her during her life the income from $10,000. No specific disposition is made of the remainder of this $10,000. The codicil also directs the trustee to pay to the Congregational Church of Wolcott, Connecticut, from this one third, the income from $1,000, for the care and maintenance of its parish house, and continues: "In the event that the use of said Parish House in connection with the work of a Congregational Ecclesiastical Society in Wolcott be discontinued, this bequest shall end and terminate, and the principal of said trust fund I hereby give and bequeath to my nephews mentioned elsewhere in my will, to be divided equally between them." The codicil then provides that "the remainder of said one-third I give, devise and bequeath to my trustee, to take entire charge, management and control thereof and use the income as shall be by my said trustee deemed most advisable for the welfare, comfort and advancement of my nephew John Henry W. Beecher, until my said nephew shall arrive at the age of forty years, at which time the principal of said fund shall be paid and delivered to my

said nephew." The codicil further provides that if John Henry "shall grow up to habits of indolence or vice, or in the opinion of my trustee should be incapable or unworthy of the benefits to which he would be entitled under this will, I direct that no part of my property or the income thereof shall be paid or delivered to him, except that my trustee shall have the right in his judgment, if by him deemed necessary, to pay to my said nephew such portion of the income from said fund as shall by my said trustee be deemed necessary for the support of my said nephew. If in the opinion of my said trustee the habits and character of my said nephew are such that he is not entitled to benefit under this will, the decision of the trustee on such matters shall be final and conclusive. . . . In the event that my said nephew should die before arriving at the age of forty years, or in the event of the decision of my said trustee that my said nephew is unworthy to receive property under this will, the estate herein given for his benefit shall revert to and become a part of the residuum of my estate, of which disposition is made in my original will." The codicil further republished and confirmed the will except as altered by it.

The will as written, apart from the codicil, is entirely clear in its testamentary intent and does not require for its construction the aid of the artificial rules of testamentary construction. The remainder interest in part one, of the rest, residue and remainder, after the life use of the wife of the testator, Mary P., and the life use of the testator's adopted son, was undisposed of, and hence went into the general devise and bequest of the rest and remainder of his estate contained in the fourth paragraph of the will. The rest, residue and remainder interest in the third part of the residue, contained in paragraph six of the third clause of the will, of which the testator's nephew John Henry W. Beecher

had the use until he arrived at the age of forty years, became a part of the "rest and remainder" of his estate, as provided in the fourth clause, if the nephew died before arriving at the age of forty years, and as this contingency happened, it became a part of this "rest and remainder" which passed under the fourth clause to the testator's two nephews living at his decease, Henry C. Beecher and John Henry W. Beecher. The gift to the nephews under the fourth clause was a class gift, and upon the death of either nephew in the lifetime of the testator his interest under this clause passed to the surviving nephew. The will disposed of the entire estate, and the disposition of the "rest and remainder" to the nephews living at his death definitely fixed the members of the class as of that date. The postponement of John Henry's enjoyment of the principal of the third part, did not prevent his interest in this part from vesting upon the death of the testator. Each nephew took under the residuary clause as a member of a class, upon the testator's death, a vested interest by way of a contingent remainder. John Henry's interest was a vested remainder subject to the condition subsequent that he might be divested by his decease before arriving at the age of forty years. *Johnson* v. *Edmond,* 65 Conn. 492, 499, 33 Atl. 503; *Carpenter* v. *Perkins,* 83 Conn. 11, 16, 74 Atl. 1062; *Allen* v. *Almy,* 87 Conn. 517, 523, 89 Atl. 205; *Ingersoll* v. *Ingersoll,* 77 Conn. 408, 410, 59 Atl. 413; *Close* v. *Benham,* 97 Conn. 102, 115 Atl. 626. The qualifying clause under the fourth clause of the will of the devise and bequest to John Henry, that it was subject to the terms of the trust created for him by the sixth paragraph of the third clause of the will, was evidently intended by the testator as a protection against the possibility of an improvident expenditure of such portion of the "rest and remainder" as might come to his nephew.

The reasons for the postponement of the control and enjoyment of the one third given his nephew in the third clause, were equally applicable to the gift of the rest and remainder in the fourth clause.

So far, the parties in interest do not appear to be of any substantially divergent view. The differences arise out of the construction of the codicil, and of the will as affected by the codicil. The testator expressly ratifies in the codicil the first five paragraphs of his will, which dispose completely of the second third of the residue as contained in paragraphs three, four, and five of the third clause of the will, and of the use for two lives in being of the first part as contained in paragraphs one and two of the third clause, leaving the remainder of this part undisposed of. He recognizes the existence of the residuary clause of the will in the twelfth clause of the codicil, by bequeathing to his nephews mentioned therein the bequest to the Congregational Society for a parish house in the event that the use of the parish house in connection with the work of the Society be discontinued, and in the last paragraph of the thirteenth clause, by providing that the share given to his nephew John Henry, in the codicil, should become a part of the residuum in case his nephew should die before arriving at forty years of age, or should be found by the testator's trustee unworthy to receive the property therein given him. Not only does the testator make it clear that he had in mind the residuary clause of the will, but also that both nephews should take thereunder. Since this is so, the testator's intention not to leave the remainder of part one undisposed of, and not to give the remainder disposed of through the residuary clause wholly to his nephew Henry C., is clearly manifest. The testator must be presumed to have intended by the residuary clause of his will to dispose of every part of his estate otherwise undisposed

of in his will. He must also be presumed to have intended by the codicil to have disposed of the third part. "The fact that the will contains a general residuary clause shows an intent to avoid partial intestacy." *Hartford Trust Co.* v. *Wolcott,* 85 Conn. 134, 139, 81 Atl. 1057. If language is to be given its ordinary and natural meaning, the testator must be presumed by the will and codicil to have intended to dispose of every part of his estate and to leave no part intestate. He could have adopted no way more effective than by the residuary clause in the will and the gift to a class. If the last clause of the substitute in the codicil for the sixth paragraph of the will, had read: "In the event that my said nephew should die before arriving at the age of forty years, the estate herein given for his benefit shall become a part of the residue disposed of in the fourth clause of my will," and the codicil had not mentioned the contingency of John Henry growing up to habits of indolence or vice, or being deemed incapable or unworthy of receiving the benefits of the will, no question could have been raised as to this part becoming a part of the residue in case John Henry had died before arriving at the age of forty years. The fact that this nephew was one of the class in whom the residue had vested at the decease of the testator, would not prevent his representatives taking. There is no inconsistency in depriving a legatee of the enjoyment of an estate during his lifetime and then, through a residuary clause, giving him the estate to dispose of by his will, or, in case he should die intestate, to go to his representatives. In this case there was no inconsistency in leaving to John Henry the use of the third part until he arrived at the age of forty years, at which time he should have the principal, and then providing that in case he should die before arriving at this age it should go to the residue, of which John Henry took a

one half.   Since John Henry took a vested interest subject to be divested by the happening of the contingency of his dying before arriving at the age of forty, he could dispose of this interest by will or otherwise. The contingency having occurred, the legatee was divested of his interest, and by the will it became a part of the residue.   The codicil in express terms does dispose of the third part, but it does not purport to dispose of the remainder of the first part, which became a part of the residue.   The codicil reaffirmed the provisions of the will except as it provided a substitute for the sixth paragraph of the third clause and disposed of two thirds of the rest and remainder of the estate, and it reaffirmed the fourth or residuary clause, and provided for the contingency of John Henry dying before arriving at the age of forty, by directing that, in this contingency, the estate should become a part of the residuum, that is, a part of the residue disposed of in the residuary clause.   The main purpose of the codicil apparently is to prevent any portion of the estate therein disposed of, from being paid or delivered to his nephew John Henry in case he shall grow up to habits of indolence or vice, or, in the opinion of the trustee, should be unworthy to receive the benefits to which he would be entitled under the will.   The property disposed of by the codicil is the third part, that which was disposed of in paragraph six of the third clause of the will, and the nephews referred to in its concluding clause are Henry C. and John Henry. The principal argument of counsel for Henry C., and for the widow and adopted son, is that if John Henry had grown up to habits of indolence and vice, or in the opinion of the trustee had become unworthy, the codicil declared that "no part of the property, or income thereof shall be paid or delivered to him," and if upon the happening of this contingency the share

given John Henry by this codicil goes to the residue, a result will be reached just contrary to the expressed intention of the testator. This, they urge, gives in the residuary clause what was withheld by the codicil. We are not confronted with this contingency and are not required to construe the will and codicil in the presence of such a situation. The contingency which has arisen—the dying of John Henry before arriving at the age of forty years—will not prevent the fulfillment of the purpose of the testator in giving the residue of his estate to his two nephews. This contingency is separate and apart from the contingency following certain named conduct, and in no event could be controlled by it.

The argument in opposition to the representative of John Henry, that the estate disposed of in the codicil did not vest in John Henry until he arrived at the age of forty, is, as we have stated, unsound. One may have the use for life of an estate, and take the fee as an heir at law at the termination of the life estate. *Rand* v. *Butler*, 48 Conn. 293, 298; *Thomas* v. *Castle*, 76 Conn. 447, 452, 453, 56 Atl. 854. When, to such a bequest or devise, is attached a provision for reversion to the heirs of the testator if the life tenant should die without issue, the life tenant does not take a vested interest. *Nicoll* v. *Irby*, 83 Conn. 530, 536, 77 Atl. 957. That is not this case. The residuary estate is not conditioned upon John Henry's leaving issue. If this contention could be maintained, and John Henry's interest in the residue were dependent upon his arriving at the age of forty, he would lose all his interest, even though he had lived to the age of thirty-nine and left children, and this interest would either have gone to Henry C. as the surviving nephew, or become intestate estate. The whole scheme of the will is at variance with such a result, which manifestly was foreign to the

testator's purpose. It is unreasonable to attribute to the testator an intention to deprive the heirs and assigns of John Henry of any interest in the property disposed of in the codicil, and leave undisturbed the interest in the remainder of part one, of the residue given him by the residuary clause of the will. Such a construction makes meaningless the last sentence of paragraph thirteen of the codicil. Counsel for the administrator of John Henry pointedly observes that "the court can hardly infer an intention of the testator to exclude the life tenant from a share in the residuum on a certain contingency (that he shall not arrive at the age of forty) where he has expressly mentioned that contingency and declared that the residuary provision shall then take effect."

We have considered with care the several claims of the parties in interest which we have not already discussed, but were unable to agree with them or to find anything in them which would prevent the intention of the testator, as we have found it to be, from taking effect. The discussion of these claims would prolong the opinion, and to little purpose. The fifth question of paragraph fifteen of the complaint, as to the bequest to the Congregational Ecclesiastical Society in Wolcott, is not contained in the questions submitted in the reservation. Had it been included among them we must have held that the question was prematurely before the court.

The Superior Court is advised as to the questions under this reservation in accordance with the foregoing opinion, as follows:—

1. One half of the property given by the codicil to John Henry W. Beecher upon named contingencies, goes to Henry C. Beecher and one half to The Bristol Trust Company, administrator of John Henry W. Beecher.

2. One half of the property the use of which is given to Mary P. Beecher for life and then to Aymer J. Lutz Beecher for life, goes to Henry C. Beecher and one half to The Bristol Trust Company, as said administrator.

3. One half of the $10,000 goes to Henry C. Beecher and one half to The Bristol Trust Company as said administrator.

4. The income which accrued on the property given by the codicil to John Henry W. Beecher, and was payable to the trustee of the testator for the benefit of John Henry W. Beecher but not paid over to him in his lifetime, is to be paid to The Bristol Trust Company, as said administrator.

5. The income which has accrued on the said property since the death of John Henry W. Beecher is to be paid, one half to The Bristol Trust Company as said administrator and one half to Henry C. Beecher.

No costs will be taxed in this court.

In this opinion the other judges concurred.