Daboll *v.* Daboll.

---

IDA A. DABOLL, EXECUTRIX AND TRUSTEE, *vs.* IDA A. DABOLL ET ALS.

Second Judicial District, Norwich, April Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and MARVIN, Js.

It is a general rule that a lapsed gift of a portion of the residue of an estate is distributable as intestate estate.

Provisions of a will may be revoked in express terms, or by subsequent inconsistent or repugnant provisions. Revocation because of repugnancy is, however, a rule of necessity, and operates only so far as it effectuates the testator's intention.

If equality of distribution is the keynote of a will, the courts will endeavor to construe a doubtful clause in harmony with the general plan.

In the present case, the testator, who had three children, directed that the residue of his estate should be distributed "according to the

Daboll *v.* Daboll.

laws of the State of Connecticut, regarding intestate estates."
Later, by a codicil, he gave "all that portion of my estate to which
my son Elmer would be entitled as heir at law under said will" to
D in trust for the maintenance and support of Elmer, who was
improvident and unbusinesslike. *Held* that the codicil did not
entirely revoke the gift in fee made to Elmer in the will, but merely
took from him the control of his share during his life, and that,
upon his death, his estate was entitled to the remainder in fee.

Argued April 29th—decided June 30th, 1924.

SUIT to determine the construction of the will of
Theophilus M. Allyn of New London, deceased, brought
to and reserved by the Superior Court in New London
County, *Brown, J.*, upon an agreed finding of facts, for
the advice of this court.

Theophilus M. Allyn, a resident of New London,
Connecticut, died May 4th, 1900, possessing both real
and personal property, and leaving as his heirs at law
two sons, Elmer E. Allyn and Stanley Trott Allyn, and
a daughter, Ida A. Daboll. He left a will and one cod-
icil thereto which were duly admitted to probate by the
Court of Probate for the District of New London, May
15th, 1900, and the plaintiff duly qualified as execu-
trix. His will provided that all of his estate, aside from
a deposit in the Mariners Savings Bank of New London,
should be distributed "according to the laws of the
State of Connecticut, regarding intestate estates,"
and was executed December 27th, 1893. The codicil
was executed December 3d, 1894, and contained the
following paragraph: "I give, devise and bequeath
unto my daughter Ida A. Daboll all that portion of
my estate to which my son Elmer E. Allyn would be
entitled as heir at law under said will, *in trust* for the
following uses and purposes:—She to have authority
to invest and reinvest said portion and to apply the
income thereof for the proper maintenance and support
of said Elmer E. Allyn. And I further empower and
direct said trustee, if in her judgment said income is

insufficient for the proper support and maintenance of said Elmer E. Allyn, then she is to use so much of the principal as she deems necessary for his maintenance and support." No further provision is made in the codicil as to the portion above referred to or as to the final disposition of any part remaining unexpended upon the death of Elmer.

Ida A. Daboll accepted this trust and held it in trust as directed in the codicil, expending the income thereof for the support and maintenance of Elmer till his death, October 26th, 1922, and now has the principal intact.

Elmer E. Allyn died intestate a resident of New London, leaving a widow, Mary E. Allyn, of New London, and no children or representatives of children surviving him, and defendant James E. Snow was appointed and duly qualified as administrator of his estate.

Stanley Trott Allyn, on September 7th, 1900, duly assigned in writing all his right, title and interest in the estate under this will to his wife, Marie R. Allyn, of San Francisco, California; and subsequently Stanley Trott Allyn died, leaving Marie R. Allyn as his widow and no children or representatives of children surviving him.

The questions propounded for advice are as follows: First: Whether the provision of the codicil, devising and bequeathing the share to which Elmer E. Allyn would have been entitled as heir at law under said will, to Ida A. Daboll in trust, to apply the income for the maintenance and support of Elmer E. Allyn, with power to use the principal for the same purpose, revoked the absolute gift to Elmer E. Allyn created by the will and created a life estate in Elmer E. Allyn, leaving any unexpended principal at the time of Elmer's death, as intestate property of the estate of Theophilus M. Allyn, to be shared equally by Theoph-

ilus M. Allyn's three children or their respective representatives, thus vesting in Elmer E. Allyn, at the time of his father's death, a third interest in such unexpended principal.

Second: Whether by the provision of the codicil devising and bequeathing the share to which said Elmer E. Allyn would be entitled as heir at law under said will, to Ida A. Daboll in trust to apply the income, and, in her discretion, the principal, for the maintenance and support of said Elmer E. Allyn, was intended by the testator to be only a protection against his improvidence, for the benefit of said Elmer E. Allyn, without affecting the absolute gift under said will, so that upon the death of said Elmer E. Allyn the whole of such trust property became a part of the estate of said Elmer E. Allyn.

Third: Whether by the will and codicil thereto, the testator intended to exclude Elmer E. Allyn from any share in the residue of his estate other than maintenance and support during his life from the one third of the residue which he would have received under the will prior to the addition of the codicil, any balance remaining at the death of said Elmer E. Allyn being a contemplated part of the residue, to be distributed among the heirs of the testator other than the said Elmer.

*Nathan Belcher*, for the plaintiff, Ida A. Daboll, as executrix.

*William Belcher*, for Ida A. Daboll individually.

*Arthur T. Keefe*, for James E. Snow, administrator of the estate of Elmer E. Allyn, and for Mary E. Allyn.

*John J. Cullinan, Jr.*, for Marie R. Allyn, assignee of Stanley Trott Allyn.

MARVIN, J.   On behalf of the surviving child, Ida A. Daboll, it is claimed that the will is merely a direction that the residue of the estate is to be distributed as intestate estate and that any presumption against intestacy does not come into play because the will expressly provides for intestacy; and that any portion not consumed for Elmer's benefit during his life preserves its original character and is now distributable as intestate estate to the daughter and the legal representatives of the two sons.

On behalf of the widow of Stanley Trott Allyn, it is claimed that the words "give, devise and bequeath" at the commencement of the codicil import a gift of a fee to the trustee and, there being no provision for the disposition of any unexpended balance at the time of the death of Elmer E. Allyn, that unexpended balance remained or then became part of the rest, residue and remainder; and that, either applying the principles of interpretation found applicable in *Nicoll* v. *Irby*, 83 Conn. 530, 77 Atl. 957, or on the theory that the codicil revoked any gift to Elmer, such residue is to be distributed to Ida A. Daboll and Stanley Trott Allyn, or their representatives, to the exclusion of the other child, Elmer E. Allyn, and any descendants he might have had.

In the first place, *Nicoll* v. *Irby*, *supra*, is not a parallel case because there was a residuary clause to be interpreted independently of the clause giving the legacy which lapsed; in other words, it was a case of a lapsed legacy and not a case of a lapse as to some portion of the residue.   Furthermore, the legatee for life was to have the income only, and there was no indication that in any event he was to have the enjoyment of any of the principal.   In fact, the heirs of the legatee for life were expressly disinherited by a provision that the remainder should go to the heirs of the testator.   No sufficient reasons appear in this case for abandoning

the general rule that in case it is found that the gift
of a portion of the residue lapses for any reason, that
portion becomes intestate estate and is distributable
as such.  *Thomas* v. *Castle,* 76 Conn. 447, 452, 56 Atl.
854; *Russell* v. *Hartley,* 83 Conn. 654, 78 Atl. 320; *Newell* v. *Beecher,* 98 Conn. 263, 119 Atl. 223.

As was said in *Nicoll* v. *Irby, supra,* in distinguishing
it from *Rand* v. *Butler,* 48 Conn. 293, and *Thomas* v.
*Castle, supra:* "No facts appear in either of those cases
which suggest any reason why the testator should be
unwilling that the remainder estate should go to the
life tenant's natural heirs, or to those to whom he might
make his heirs by will," and there are no facts carrying such a suggestion in the pending case.

As to the claim that no portion of the estate lapses
and that what was given to Elmer was a mere life use
with a discretionary power in the trustee to expend for
his benefit the whole or any part of the principal and
that the unexpended balance is now and always has
been part of the residue of the estate from which Elmer
was eliminated as a distributee, the extent of revocation is carried too far.  In this case the codicil does not
in express terms revoke the will, and in *Russell* v. *Hartley, supra,* at page 663, it is said: "The provisions of a
will may be revoked, when these are legal, in express
terms or by inconsistent or repugnant provisions of a
later with an earlier instrument.  This codicil does not
in terms revoke the will.  The revocation of a will by
a codicil because of repugnant provisions is a rule of
necessity, and operates only so far as it may effectuate
the intention of the testatrix.  Revocation is 'altogether a matter of intent.' "  For reasons to be hereinafter stated, we fail to find any indication of an intent
on the part of the testator to revoke the gift to his son
Elmer or of an intent to do otherwise than place his
share beyond his reach during life.

There are certain indications that the testator supposed he was providing for the distribution of his estate as an intestate one. In addition to the language of the will there is the reference in the codicil to what his son "Elmer E. Allyn would be entitled as *heir at law* under said will." Clearly, however, no portion of this estate is intestate. Simply because it passes to those who would take under our statute of distributions does not make it such, and the testator could have exercised no control over that which passed to Elmer as heir at law. What he was seeking to revoke was that portion which passed to Elmer by will.

A third possible construction of the will and codicil under consideration is that the will made an absolute gift of one third of the residue to Elmer, and that so far as the codicil evidences an intent to vary the will, it was only to the extent of taking that one third out of Elmer's control during life so that it might be prudently and frugally expended for his benefit. As supporting this contention, we think that the general and primary intent of the testator manifested in his will was that his three children should share equally in his estate and that the codicil does not indicate any substantial change in that general and primary intent. The trustee was given power to expend the whole principal of Elmer's one third of the estate for his benefit should she deem it wise to do so, and this provision was doubtless prompted by the facts revealed in the agreed finding that Elmer "was improvident and unbusinesslike in his methods and was dependent upon his father for his maintenance and support. He was intemperate in his habits and his future was a source of anxiety and worriment to the testator." It is clear that his father wanted Elmer to have the whole of his one third, provided that he made good use of it, and that the object of the trust was rather

to safeguard the son than to disinherit him or any wife or child he might have. There is certainly lacking the slightest indication that in case of the son's death, no matter how soon after that of the father, any of the former's portion should go to the surviving brother or sister.

In *Wheeler* v. *Fellowes*, 52 Conn. 238, the testator, whose children were three sons, made his will, wherein, after making provision for his widow during her life and after devising a building lot to each of his two younger sons to make them equal, in this respect, to his elder son, to whom he had previously deeded a similar building lot, he divided all the residue of his property, both real and personal, into three parts, and gave one of the parts to each of his three sons in fee. By a codicil he put these two lots into the hands of a trustee to pay over the net income from one to each son for life and then to their widows for life with no provision for the remainder. He further revamped the residuary clause of his will and the question was whether or not the remainder interest in the two lots ultimately served to enrich the residue. The court said (p. 241): "It is clear by the will that the testator intended an equal distribution of his property among his children and their descendants. He gave to each of his younger sons a building lot in his will, manifestly to make them equal in this respect to his elder son, to whom he had previously deeded a similar lot, and all through the will and codicil this intent clearly appears in all the particular provisions that are made in them. Now if the fee of the two building lots . . . falls into the residuum of the codicil, equality would not exist, for the eldest son who had a building lot deeded to him by the testator, would share to the extent of one-third in the fee of these two lots in addition to the one he already had. And

furthermore, if we should give to the residuary clause of the codicil the full scope of its meaning, it would include the provision made by the testator in his will for the support of his widow, which surely never was intended to be done. And inasmuch as the codicil does not make any particular disposition of the fee of the two lots, we think it continued to remain in the two sons, where it was placed by the will, and that the residuary clause in the codicil was intended to include, and does include, only the property embraced in the residuary clause of the will."

Here, then, was a gift by will of a fee in two valuable pieces of land, apparently cut down to a life estate by codicil, where the court held that the general manifest intention of the testator in favor of equality should prevail over a strict interpretation of the words used.

Similarly we think the intention of the testator in the pending case was not to revoke the gift in fee contained in the will, but simply to provide a governor over its expenditure during his life, without impairing or destroying the equal rights of testator's children to share in his estate after his death, save as to Elmer's freedom to expend his portion during life. See also *Newell* v. *Beecher,* 98 Conn. 263, 119 Atl. 223; *Harrison* v. *Moore,* 64 Conn. 344, 30 Atl. 55.

If a leading feature of a will is equality or impartiality, the courts will lean, in case of a doubtful clause, to such a construction as will carry out the scheme of equality. *Wolfe* v. *Hatheway,* 81 Conn. 181, 185, 70 Atl. 645; *Farnam* v. *Farnam,* 53 Conn. 261, 289, 2 Atl. 325, 5 *id.* 682. To so construe this will is to avoid a lapse and resulting intestacy and to effect the equality which the testator obviously had in mind.

To the first question propounded we answer that the gift to Ida A. Daboll, in trust for Elmer E. Allyn, contained in the codicil, did not revoke the absolute

Ansonia *v.* Ansonia Water Co.

gift to Elmer E. Allyn contained in the will. To the second, that the gift to Ida A. Daboll in trust was intended by the testator to be only a protection against the improvidence of his son Elmer E. Allyn, without otherwise affecting the absolute gift under the will, so that upon the death of Elmer E. Allyn what remained of the trust property became part of the estate of Elmer E. Allyn. To the third, that the testator did not intend to exclude Elmer E. Allyn from any portion of his share in the residue of the estate unexpended at the time of the latter's death.

The Superior Court is advised to render judgment as to the several questions propounded in accordance with the foregoing answers thereto.

No costs in this court to be taxed in favor of any party.

In this opinion the other judges concurred.