FREDERICK W. WARNER *vs.* WILLIAM L. WILLARD.

Hartford District, Oct. T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER. Js.

A testator by the first clause of his will gave his wife a life use of all his real estate, and after giving sundry pecuniary legacies to his children, made the following residuary bequest:—"All the residue of my estate of whatever kind I give to my wife." No other disposition was made of the fee of the real estate. Held that under this clause the widow took the fee of the real estate of which by the first clause she took only a life use.

There is a presumption against the intention of a testator to leave any part of his estate intestate.

[Argued November 11th—decided November 30th, 1886.]

AMICABLE SUBMISSION to the Superior Court in Hartford County of a question as to the construction of a will; reserved for the advice of this court. The case is fully stated in the opinion.

*E. D. Robbins*, for the plaintiff.

*C. M. Joslyn*, for the defendant.

GRANGER, J. This is an amicable suit to obtain a construction of the will of William Willard. The first clause of the will is as follows :—

" I give and bequeath to my beloved and faithful wife, Jane G. Willard, the use and improvement of the real estate of which I may die possessed, during her natural life. I also give to her, the said Jane G., all my household furniture of every name and kind."

The testator then gives to one daughter $2,500 ; to another $2,000 ; to his son $2,000 and his gold watch, gold headed cane and wardrobe ; and to an adopted son $1,000. Then follows the sixth clause of the will, which is as follows :—

" All the residue of my estate of whatever name or kind, after payment of my debts and funeral charges, I give and bequeath to my wife, Jane G. Willard."

The residue of the estate of course includes the fee of the real estate, of which only the life use had been given by the first clause and which had not been disposed of by any other clause of the will, unless from the whole will we can gather the intent of the testator not to include it.

The defendant contends that, taking this clause in connection with the first, it is evident that the testator intended to give his wife only a life use of the real estate and that this gift of the residue must therefore be regarded as intended to embrace only the personal estate. The facts are found with regard to the amount of the testator's personal and real estate, but they throw no light upon this question.

It is difficult to discover any reason why the testator

should have given his wife a life estate, only, in the first clause of the will, and the fee of the same real estate by the residuary clause. But the question for us to consider is not why he did what he did, but simply what has he in fact done. We must look for his intention only in the will itself, and in that he has expressed himself in language free from all ambiguity. He not only speaks of "all the residue," but of "all the residue of my estate *of whatever name or kind.*" It would hardly be possible for language to be more comprehensive.

Were the matter left in any doubt, there is a further consideration that would be decisive. If the fee of the real estate does not pass by the residuary clause, then it is not disposed of, and becomes intestate estate. But there is always a presumption that when a party makes a will he intends to dispose of all his property, and not to die intestate as to any part of it. "Every intendment is to be made against holding a man to be intestate, who sits down to dispose of the residue of his property." *Booth* v. *Booth*, 4 Ves., 407. To the same effect are *Higgins* v. *Dwen*, 100 Ill., 554, 556; *Smith* v. *Smith*, 17 Gratt., 268; *Irwin* v. *Zane*, 15 W. Virg., 646.

Our conclusion is that the widow took the fee of the real estate, and the Superior Court is so advised.

In this opinion the other judges concurred.