DAVID B. WHEELER'S APPEAL FROM PROBATE.

Third Judicial District, Bridgeport, April Term, 1898. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Whenever trustees to whom a testator devises a vested remainder have
or may have immediate active duties to perform in respect to that
interest, they are entitled to qualify as such trustees without wait-
ing for the termination of the life estate or for the filing of the
executor's administration account.

If one of the two named as trustees declines or fails to qualify, the other
may qualify alone and execute the trust.

[Argued April 20th—decided June 1st, 1898.]

APPEAL from the refusal of the Court of Probate for the
district of Oxford to confirm the applicant, David B. Wheeler,

as testamentary trustee, taken to the Superior Court in New Haven County and tried to the court, *Ralph Wheeler, J.;* facts found and judgment rendered for the applicant, and appeal by the respondents for alleged errors in the rulings of the court. *No error.*

Joel B. Wheeler, late of Oxford, died on the 9th, day of January, 1891. He left a will which was on the 22d day of the same month duly approved by the Court of Probate in the district of Oxford. The first paragraph of the will provided that his debts be paid. The second gave to his widow, in lieu of dower, " the use of such portions of my estate, both real and personal, as may be necessary for her comfortable support and maintenance so long as she shall remain my widow. And she shall be the sole judge as to what amount of the income of my estate may be necessary and proper for her said support." The third paragraph gave to his daughter Mary Ann Tucker, after the decease or remarriage of his widow, the use for life of $1,000, " to be paid to her annually by the trustee hereinafter named." The fourth paragraph gave to his son David B. Wheeler, " after the interest of my said wife in my estate shall terminate," the homestead farm and another piece of land, to him and " his heirs forever." The fifth and sixth paragraphs read as follows : " V. All the rest and residue of my estate, both real and personal, whether in possession, expectancy, reversion, or remainder, and wheresoever the same may be located, I give in trust to the trustees hereinafter named, to be managed by them and their successors for the use and benefit of my four daughters, Ellen Amelia Towsley, Flora Jennette Cooper, Sarah Elizabeth Hill, and Martha Irene Stoddard, share and share alike, during their several lives ; but on the death of any one of my said daughters her proportion shall vest absolutely in her heirs ; and my said trustee on the death of any one shall cause to be distributed to the heirs of such deceased the one fourth part of this residue ; and said trust shall cease on the death of the last of the aforesaid said four daughters. VI. I appoint as trustees to carry out the provisions of the foregoing trusts, David B. Wheeler of Oxford, and David W. Stoddard of Waterbury, Conn."

The seventh paragraph named Henry C. Baldwin as executor. The said executor duly qualified on the 22d day of January, 1891. He died in January, 1897, without having fully completed the settlement of the said estate. In February, 1897, Loren R. Carter was appointed administrator with the will annexed. The widow of the testator, who is still living, waived her right of dower in said estate.

On the 24th day of April, 1897, the said David B. Wheeler, one of the trustees named in said will, made application to the said Court of Probate, stating that he accepted the said trust, offered a sufficient bond, and asked that it might be approved and that he might be qualified to enter upon his official duties. The court thereupon appointed a day and a place for a hearing upon said application, and ordered that all persons interested be notified, which notice was duly given and such hearing was had; and the said Court of Probate found and decided, after setting forth the facts in the case, as follows : " Wherefore the court is of the opinion that said David B. Wheeler is not yet entitled to the care, custody, or management of said estate, or of any part thereof as trustee aforesaid ; wherefore this court denies the prayer of said petition, and refuses to accept his bond as trustee." From that judgment the said David B. Wheeler appealed to the Superior Court. The Superior Court reversed the said decree of the Court of Probate, and ordered that the said David B. Wheeler be qualified by said Court of Probate as such trustee. From this judgment the respondents appealed to this court.

*Charles W. Gillette*, for the appellants (original appellees).

*Arthur D. Warner*, for the appellee (original appellant).

ANDREWS, C. J. The Court of Probate held that Mr. Wheeler was *not yet* entitled to be qualified as trustee under the appointment in the will of his father. The language of this decision admits that Mr. Wheeler is a fit person to be such trustee, and that the bond which he tendered is suffi-

cient. At what time, or upon the happening of what event he will become entitled to be so qualified, is not indicated. Mr. Wheeler, as trustee, had a vested interest in the remainder estate as soon as the will became operative. Being a fit man and offering a sufficient bond, and there being no reason shown why he is not now entitled to be qualified, that court manifestly erred in not accepting his bond and permitting him to become qualified to act.

The brief in this court of the respondents seeks to nullify that error. It mentions three reasons why Mr. Wheeler is not-yet entitled to become the trustee. The first is that he asks alone, not joining with the other trustee named in the will. This is a reason not urged in the Superior Court, and it is obviously untenable. Where two persons are named as trustees and one declines or fails to qualify, the other may qualify alone and perform the whole trust; Lewin on Trusts, *237; 1 Perry on Trusts, § 273; *Ellis* v. *Boston, etc., R. Co.*, 107 Mass. 1, 13; just as where two persons are appointed trustees to execute a trust and one of them dies, the other becomes the sole trustee.

The next reason urged is that the remainder estate devised to the trustees has not yet come into their enjoyment, the preceding life estate being still outstanding. But the devisees of the remainder estate had a vested interest in it as soon as the will was established; and there may be occasions when their active interference will be required. This they could not do unless qualified as trustees. It is possible that the life tenant may commit waste, and then it would be the business of the trustee, as remainderman, to require security of her for the benefit of the remainder estate. *Terry* v. *Allen*, 60 Conn. 530, 541, 542. In the event of her death or remarriage circumstances might exist which would make it important that immediate possession should be taken by the trustee. These are some of the reasons why the trustee should be qualified at once, rather than that his qualification should be postponed.

The third reason, and the one which perhaps influenced the Court of Probate, is that the estate is in the hands of the

administrator with the will annexed. This reason wholly misconceives the powers and duties of an executor. An administrator with the will annexed simply finishes the work of the executor, and has for that purpose the same powers as the executor. In the will of Joel B. Wheeler the executor had no powers other than such as the law attaches to that office. No special powers were confided to him. The duty of an executor is to settle the estate, and in ordinary cases, of which this is one, that is his whole duty. Our law is solicitous that the estates of deceased persons shall be settled as soon as it can conveniently be done; *Webster* v. *Merriman*, 9 Conn. 225, 228; so that the property shall as soon as possible come into the possession of those who are to have the enjoyment of it. It is no part of the duty of an executor or administrator to carry on the business of the deceased. *Hallock* v. *Smith*, 50 Conn. 127. An executor has no title to, or possession of, the property of the testator, except for the purpose of closing the estate and settling its affairs. In the present case the duty of the executor was exceedingly simple. He was to pay the debts and then distribute the estate to those persons who were under the will entitled to it. The statute, § 581, directs the Court of Probate to limit a time not exceeding twelve months in which all claims must be presented to the executor, or be barred of recovery. Presumably such an order was made in this estate. The executor in this case was qualified on the 22d day of January, 1891. That the estate remains unsettled six or seven years after that date would, unexplained, seem to indicate that the executor had been inexcusably dilatory, or that the Court of Probate had been remiss in not calling on him to settle his accounts. In no event does he have, nor can he have, any such title to or care of the remainder estate as prevents the trustee from being entitled to qualify and act.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.