EDWARD R. HOLMES, TRUSTEE, *vs.* THE CONNECTICUT TRUST AND SAFE DEPOSIT COMPANY, EXECUTOR, ET ALS.

First Judicial District, Hartford, March Term, 1918.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

This court will hesitate to give advice in the construction of wills with respect to contingencies which have not arisen, and especially so if the persons whose interests would be involved are not, or may not be, in existence.

As a general rule, a testator has the right to impose such terms as he pleases upon a beneficiary as conditions precedent to the vesting of an estate in him, or to the enjoyment of a trust estate by him as beneficiary. He may not, however, impose conditions that are uncertain, unlawful, or opposed to public policy.

A testator who died in February, 1915, gave the bulk of his property, consisting of personal estate only, in trust, to pay over the net income to his son *C* during his life, upon condition that he abstain from the use of liquor and tobacco, and that he spell the family name as the testator and his ancestors spelled it, T-y-r-r-e-l. The seventh paragraph then provided that "in the event of the death of " *C*, the income should be equally divided between *C's* two children, Florence and Bertha, under the same conditions upon which *C* took it, and that if they married, such conditions should apply to and be observed by their husbands; also that if more children were born to *C*, all were to share alike in the income. In paragraphs eight and nine further limitations over were made upon the death of one or both of *C's* children, and for the ultimate vesting in absolute ownership of the fund when all the life uses had terminated. *C* died intestate in June, 1917, leaving a widow and the two children above named. Florence married and her husband is

also living. In a suit by the trustee for a construction of the will, it was *held:*—

1. That the testator, in referring to *C's* death, meant his death at any time, whether before or after his own decease.
2. That the gift of income in equal shares to Florence and Bertha was certainly unobjectionable, if taken by itself; and that the inclusion of after-born children, if any, did not contravene the rule against perpetuities, since the gift to all children was to a class and would have vested in the two living at *C's* death and opened to let in after-born members.
3. That even if the gift to unborn children were invalid, it would not vitiate the bequest of income to Florence and Bertha, since the two provisions embodied separate, alternative gifts, the latter being a substitute for the first in the contingency of after-births—a contingency which never occurred and which by *C's* death had become impossible, thus leaving the substitutionary provision as though it never had existed.
4. That the conditions respecting the use of liquor and tobacco were lawful so far as the beneficiaries of the income were themselves concerned, but were opposed to public policy and void in so far as they were made dependent upon the conduct of the beneficiaries' husbands.
5. That the condition relating to the spelling of the family name, while not happily expressed, was sufficiently definite to be valid and enforceable as against Florence and Bertha; and that it was unnecessary to determine now whether every one who might hereafter be entitled to some share of the income of the trust fund would be affected by this condition.

Argued March 5th—decided April 30th, 1918.

SUIT to determine the validity and construction of the will of Edwin M. Tyrrel of New Hartford, deceased, brought to and reserved by the Superior Court in Litchfield County, *Maltbie, J.*, upon the facts alleged in the complaint and admitted in the respective answers, for the advice of this court.

Edwin M. Tyrrel died February 2d, 1915, leaving no widow, personal estate only, and a last will and testament with two codicils thereto. The defendant, the Connecticut Trust and Safe Deposit Company, is the executor of his will, which has been duly proved. The plaintiff is the duly-appointed and qualified trustee of

a trust fund established by the will, and as such trustee has in his possession property of the estate amounting, approximately, to $32,878, which was paid over to it by the executor in the course of its administration of the estate.

The first three paragraphs of the will make disposition of certain property, small in amount, which has no present interest. By the fourth paragraph he gives to his son, Clifford, who was his only child, the farm which he then owned but ceased to own before his decease. In connection with this gift the will provides that if the son neglects or refuses to comply with certain conditions, the farm should be sold by his trustee, subsequently named, and the proceeds added to the property covered by the succeeding paragraph. These conditions were, in the language of the will, "that he entirely abstain from the use of tobacco, and the use of all kinds of intoxicating liquors as a beverage, and that on all occasions when necessary to write or spell the name of Tyrrel he shall spell it as it is spelled in this instrument and was spelled by my ancestors." By the fifth paragraph, as amended by the codicil, he gave all his bonds, stocks, notes or other evidences of indebtedness that should belong to him at the time of his decease, to the plaintiff in trust for purposes subsequently defined.

The first of these purposes is stated in the fifth paragraph to be that the interest and income therefrom should be paid to his son, Clifford, during his lifetime, subject to the conditions written in the preceding paragraph. This latter provision is elaborated in the sixth paragraph, wherein it is provided that if in any calendar year Clifford should neglect or refuse to comply with the conditions, the income was to be added to the principal. The first two sentences of the seventh paragraph read as follows: "In the event of the death of said Clifford J. Tyrrel the income of the investments is to be

equally divided between his children Florence J. Tyrrel and Bertha Tyrrel under the same conditions and limitations as hereinbefore stated, which conditions are to apply to and be observed by their husbands, if they shall marry. If there should be more children born to said Clifford all are to share alike."

Then follows, in the remainder of paragraph seven and paragraphs eight and nine, somewhat extended provisions for further limitations over in the event of the death of one or both of Clifford's children, and for the ultimate vesting in absolute ownership of the trust fund when the life uses provided for should have terminated.

Clifford survived his father and died intestate June 27th, 1917. He left a widow, Jean A. Tyrrel, and two daughters, the oldest of whom was born in 1894 and the youngest in 1898. These daughters were the only children born to him. Both are now living, and the oldest, Florence, is married, and her husband is also living. Clifford's widow, Jean A. Tyrrel, is the administratrix upon his estate and the guardian of the estate of the younger daughter. No grandchild of his has ever been born.

During the lifetime of Clifford the plaintiff paid to him the net income of the trust fund. Subsequent to his death the Connecticut Trust and Safe Deposit Company as executor of the will of the testator, made demand upon the plaintiff for the principal of the trust fund, on the ground that the continuation of the trust established by the will and administered by the plaintiff beyond the life of Clifford was in contravention of the rule against perpetuities, and that, therefore, the trust was terminated and the principal of the fund become intestate estate of the testator which should be administered by the demanding company as executor of his estate. Thereupon the plaintiff instituted the

present action. The questions propounded for advice, as they are stated in the complaint, are as follows, to wit:—

*First:* Whether the trust created, or attempted to be created, by the said will and codicils, and whereof the plaintiff is trustee, is valid, legal and operative, since the decease of the said Clifford J. Tyrrel, and capable of being carried out in legal manner, and if so, how; and whether the said trust is now valid and subsisting trust, or whether the same is not void by reason of the general equitable rule against perpetuities.

"*Second:* Whether the conditions set forth in the fourth paragraph of the said will, and referred to in the sixth and seventh paragraphs of the same respecting the abstention from tobacco and intoxicating liquors as a beverage, and respecting the spelling of the word "Tyrrel," are valid as applicable to the said children of Clifford J. Tyrrel, and as to the husband of the said Florence J. Tyrrel Marsh, and necessary to be observed by the plaintiff in respect of the administration of his said trust, should the same be valid, or whether the said conditions as applicable to the said daughters, or as applicable to the said husband of one of them are void.

"*Third:* Whether the principal of said trust fund is now intestate estate and should be delivered and paid by the plaintiff to the defendant, the Connecticut Trust and Safe Deposit Company, as executor of the estate of Edwin M. Tyrrel.

"*Fourth:* If said trust is no longer a valid and subsisting one, to whom and in what proportions the principal of said trust fund goes and of right belongs."

*Wilbur G. Manchester,* for the plaintiff.

*Samuel A. Herman,* for the Connecticut Trust and Safe Deposit Company.

*Howard F. Landon,* for Jean A. Tyrrel, administratrix, *et als.*

PRENTICE, C. J. The questions propounded for advice are in form four in number. As we understand them they resolve themselves in effect into two, both of present importance under conditions which have arisen and now exist. The somewhat elaborate provisions of the will suggest that other questions touching them may come to possess importance as events develop. Were advice asked concerning them, we should hesitate to give it, since the contingencies to which they relate have not arisen, and the persons whose interests would be involved are or may not be in existence. Our advice, therefore, will be confined to the two questions of present pertinence above referred to, to wit: (1) whether the trust which the plaintiff is called upon to administer has been fully executed, or is a subsisting one requiring his continued holding of the trust estate for its execution; and (2) whether or not, if the trust is a subsisting one, the conditions prescribed in the will as conditions precedent to the right of the beneficiaries of income to receive the same as it shall from year to year accrue, are valid and operative. These two questions, it will be observed, are quite independent of each other, so that those portions of the will which give rise to the second or subordinate one may, for convenience sake, be ignored in answering the first.

The testator's son, Clifford, having died and his only children being still living, and the trust, in so far as it was one in his favor as a beneficiary of income, having been fully executed, the existing circumstances are those which are dealt with, and exclusively dealt with, in the first two sentences of the seventh paragraph of the will. The first question to be answered is, therefore, one whose answer is to be found in that portion of

the will which is entirely separable from and independent of every other portion of the instrument.

The first pertinent inquiry suggested by these two sentences is occasioned by the opening words which make the provisions of the paragraph operative only in the event of Clifford's death. Did the testator intend to make provision in the event of his son's death at any time, or only in the event of his death before the testator's? A reading of the will in its entirety leaves no room for doubt that the testator's intention was to provide for the contingency of Clifford's death whenever it should occur. *Butler* v. *Flint*, 91 Conn. 630, 636, 101 Atl. 19.

If the first of the sentences stood alone, there could be no question of its validity and sufficiency as entitling Clifford's daughters, Florence and Bertha, as *cestuis que trust*, to share between them the income of the fund in the plaintiff's hands. It is charged, however, that the next following sentence, which provides that if other children shall be born to Clifford all should share equally, is one which contravenes the rule against perpetuities, and taints the whole limitation over to Clifford's children, including Florence and Bertha. In neither of its aspects is this contention well made. A testamentary gift to children born and unborn, of a living parent, is not invalidated by the rule against perpetuities for the reason that one or more of the children may come into existence more than twenty-one years and the period of gestation after the testator's death. If one or more of the children are living at the death of the testator, the gift will be upheld as a gift to a class, vesting in its members living at the testator's death and opening to let in after-born members. *Jones' Appeal*, 48 Conn. 60, 67; *Belfield* v. *Booth*, 63 Conn. 299, 304, 27 Atl. 585; *Hoadley* v. *Beardsley*, 89 Conn. 270, 279, 93 Atl. 535.

Neither is it true that if the gift, as expressed in the second sentence, were invalid, the prior one to Florence

and Bertha would fail. The two sentences embody two separate, alternative provisions, that in the second to be substituted for the one in the first in the contingency of after-births. That contingency never having occurred, the substitutionary provision became ineffective and as though it never were. *Sumner* v. *Westcott*, 86 Conn. 217, 222, 84 Atl. 921.

The trust being a subsisting one in favor of Florence and Bertha as beneficiaries of the income of the fund held by the plaintiff, the question propounded for advice as to the validity and effect of the terms attempted to be imposed upon them and their husbands, as conditions precedent to their right to receive from the trustee the income as it annually accrues, becomes one of present pertinence. These conditions, as expressed in the will, are that they and their husbands abstain from the use of tobacco and all kinds of intoxicating liquor as a beverage, and on all occasions when necessary to write or spell the name of Tyrrel they spell it as it is spelled in the will and was spelled by the testator's ancestors.

As a general rule, a testator has the right to impose such conditions as he pleases upon a beneficiary as conditions precedent to the vesting of an estate in him, or to the enjoyment of a trust estate by him as *cestui que trust*. He may not, however, impose one that is uncertain, unlawful or opposed to public policy. The conditions here attempted to be imposed, in so far as they are made dependent upon the conduct of husbands, falls within the last named class. It is clearly one opposed to public policy. A consequence of such a condition, were it enforceable, would be that a wife entitled to property or income, might be penalized for conduct which she was powerless to control. A situation would thus be created which would be fraught with infinite injustice to her, provocative of marital discord, and

conducive of longings to escape from the marriage relation. Nor is that all. The husband, in such a situation, would be furnished with a ready and oftentimes potent means of exercising a domination over his wife, through her fear of the consequences of noncompliance with his wishes, which, in the interest of right and of domestic harmony and happiness, should not be permitted.

In so far as the conditions are made dependent upon the conduct of beneficiaries of income themselves, in the present instance Florence and Bertha, no one of them can be said to be contrary to public policy or unlawful. Nor is there any uncertainty about the two which concern the use of tobacco and intoxicating liquors. The language in which the third, relating to the spelling of the family name, is couched, was not as happily chosen as it might have been. It, however, sufficiently indicates that the testator's purpose was to contribute to the perpetuation of the ancestral spelling of the surname he bore, and that in furtherance of that end he intended to exclude from the enjoyment of any portion of the annually-accruing income of his estate left in trust, persons who, in so far as they should make use of that name in the designation of themselves or their families, did not habitually use it as thus spelled. Whether or not he was successful in carrying out that intention as to every person who by possibility might become entitled to receive some share of the income of the trust fund, we have no occasion to inquire. His efforts in that direction, appearing in more than one part of the instrument, are apparent, and as far as Florence and Bertha are concerned were successful. As thus interpreted the condition is sufficiently definite to be valid and enforceable.

The Superior Court is advised to render judgment (1) that the trust committed to the plaintiff is a subsisting one, in the execution of which the plaintiff is

entitled under present conditions to the continued control and management of the trust fund in his hands, paying over the net income thereof to the defendants Florence J. Tyrrel Marsh and Bertha M. Tyrrel during their joint lives in equal proportions between them; and (2) that the conditions prescribed by the will as prerequisites of the receipt of income as it accrues from year to year by the beneficiaries thereof, including Florence J. Tyrrel Marsh and Bertha M. Tyrrel, are valid in so far as they are made dependent upon the conduct of the beneficiaries themselves, but void in so far as they are made to depend upon the conduct of the husbands of such beneficiaries.

No costs in this court will be taxed in favor of any of the parties.

In this opinion the other judges concurred.