## CITY MISSIONARY SOCIETY *vs.* THE AUGUST MOELLER MEMORIAL FOUNDATION, INC., ET ALS.

First Judicial District, Hartford, May Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and ELLS, Js.

The testator provided that if five designated German societies in the City of Hartford should have "acquired and established" a home for "poor, elderly and destitute Germans" within five years after his death, and should have formed a "separate organization" for the accomplishment of that purpose, composed of one representative from each society, then his trustees should pay over one half of his residuary estate to that organization. After his death, these societies, with the exception of the German-American Alliance, which disbanded, held frequent meetings for the discussion of the project, endeavored to raise the necessary funds, and caused

City Missionary Soc. *v.* Moeller Memorial Foundation.

the defendant corporation to be organized by a representative from each society. Within three days of the expiration of the five-year period, that defendant purchased a house for $12,000, paying $2,000 on the purchase price, and formally dedicated it as a home for the purposes mentioned in the will. Three months later it was opened for use, and since that time the defendant has been prepared to receive and has received all proper applicants for admission, although it will not be able to continue the operation of the home unless it receives the testator's gift. *Held:—*

1. That the defendant corporation was not ineligible to receive the gift by reason of the absence of a representative of the German-American Alliance, since the main object of the testator—the establishment of the trust—could not be defeated in equity by the disbanding of one of the societies.

2. That the home which the defendant had founded and effectually dedicated to the purposes mentioned by the testator, had been "acquired and established" within the meaning of the will, notwithstanding the facts that only a small portion of the purchase price had been paid, and that the defendant did not possess sufficient funds to continue its operation indefinitely without the aid of the testator's bequest; and that there was no basis for the plaintiff's claim that the testator must have intended that the home be self-sustaining before it should receive his bounty, however wise or prudent such a requirement might have been.

3. That the raising of the necessary funds by the societies and the purchase and dedication of the home by the defendant within five years after the testator's death, fulfilled the condition precedent that the home be acquired and established within that period, even though the building was not repaired and ready for use as a home until three months after the expiration of that period.

Argued May 7th—decided December 1st, 1924.

APPEAL from an order and decree of the Court of Probate for the district of Hartford directing the distribution of a trust fund created by the will of August Moeller, deceased, to the defendant Memorial Foundation, taken to and tried by the Superior Court in Hartford County, *Jennings, J.;* facts found and judgment rendered for the defendant Memorial Foundation, confirming the order of the Court of Probate, from which the plaintiff appealed. *No error.*

August Moeller, late of Hartford, died February 17th, 1918. He was a German and during all of his life

had made his association with the German people and in particular spent the greater part of his social activities for over thirty years among the members of the German societies hereinafter mentioned in his will. Mr. Moeller left a will, the fifth article of which is the only part of the will material to this appeal and reads as follows:—

"FIFTH: All the remainder of my estate, both real and personal, I give, devise and bequeath as follows: One half to Frederick G. Eberle and Emil G. Reinert, both of Hartford, Connecticut, the same to be held in trust by them or the survivor of them, for the following purposes, namely: To invest and reinvest the principal of said trust fund in such manner as said trustees may deem proper and advisable. It has come to my knowledge that certain German organizations located in the City of Hartford have advocated the founding a home in the City of Hartford for poor, elderly and destitute Germans. If the Hartford Saengerbund, the Hartford Turnerbund, the Hartford Maennerchor, the German Aid Society, the German-American Alliance of Hartford, and such other German organizations in Hartford as they may invite to co-operate with them or participate in such undertaking, shall decide to carry out such a plan as has been discussed, relative to acquiring, establishing and maintaining such a home for the purposes aforesaid, and shall form a separate organization composed of one representative from each of said societies, then and in that case the aforesaid trust shall terminate and cease, and my said trustees are hereby directed and authorized to pay over said trust fund and accumulations to such person or persons who may be by said separate organization authorized and directed to receive the same. Provided, however, that in case such a home is not accquired and established as aforesaid within a period of five years from the date of my death,

then provision which I have herein made for that purpose shall be null and void, and in that event I further direct my said trustees to turn the principal and accumulations of said trust fund over to the City Missionary Society of the City of Hartford, Connecticut, for the benefit of the poor of the City of Hartford."

At the date of the execution of the will and of the death of the testator, the five German societies mentioned in the fifth article were in existence and actively functioning.   The German-American Alliance was composed of delegates from the other German societies of Hartford and was intended to act as a sort of clearing-house for the other societies and was affiliated with a national organization of the same name.   After the United States entered the war, this society, on April 12th, 1918, by the voluntary action of its members, disbanded.   Duly appointed delegates from these societies met from time to time and discussed the policy they should pursue in the formation of the organization mentioned in Mr. Moeller's will.   On February 13th, 1923, a corporation known as The August Moeller Memorial Foundation, Incorporated, respondent herein, was incorporated by four incorporators, each of whom represented one of four of the five German societies named in the fifth article of the will; there was no representative of the German-American Alliance among the incorporators.   On February 14th, 1923, this corporation purchased a dwelling-house in Hartford paying for the same $12,000, of which $6,000 was the assumption of an existing mortgage, $2,000 was in cash, and $4,000 was borrowed.   Immediately upon this purchase the respondent by vote dedicated this house to the uses mentioned in the will.   These societies long before this purchase were active in raising funds for the same, and have continued these activities since the purchase and to the time of trial.   The house was not ready to re-

ceive inmates and the respondent did not have any inmates in this home until about three months after February 17th, 1923. The first inmates consisted of a man and wife who were admitted to the home on May 15th, 1923, the man dying on November 14th following and his wife continuing the sole inmate of the home until the date of trial. The respondent has not purchased or leased any other home for poor, elderly and destitute Germans. The class for which the testator created this trust is not a large one in the vicinity of Hartford, and at the time the home was dedicated there were no applications for admission, but the wants of this class have been satisfied as soon as brought to the attention of the organization. The respondent does not expect to be able to continue to maintain a home for poor, elderly and destitute Germans unless it receives the bequest provided for by the fifth article of this will. These societies upon the advice of counsel were under the erroneous impression that they had five years from the date of settlement of the estate in which to organize, instead of five years from the death of the testator.

The appellant, the City Missionary Society, is a corporation chartered by special act of the General Assembly and for sixty-five years has been well managed and ably cared for, and during all of this period has been and now is ministering to the poor throughout Hartford, and caring for poor, elderly and destitute Germans, and is able and willing to accept the bequest if entitled to it.

The executrix has fully administered the estate of Mr. Moeller, and has delivered to the trustees named in the fifth article the one half of the residue amounting at the date of trial to approximately $23,742.90.

The trial court reached the following conclusions: 1. The respondent, formed of representatives of only four of the five societies named in testator's will, is such an organization as that described in the fifth article.

2. The respondent acquired and established in Hartford a home for poor, elderly and destitute Germans, as provided by testator's will, within a period of five years from the date of testator's death. 3. The respondent is entitled to receive, and the appellant is not entitled to receive, the bequest provided for by the fifth article.

*Ralph O. Wells* and *Roger W. Davis,* for the appellant (plaintiff).

*Milton Nahum,* with whom, on the brief, was *Francis P. Rohrmayer,* for the appellee (defendant Memorial Foundation).

*John J. Dwyer,* for the appellees (defendants Eberle *et al.,* trustees).

WHEELER, C. J.  In the fifth article of his will August Moeller devised and bequeathed one half of the residue of his estate to two persons, in trust, to invest and reinvest the same as they might deem proper and with authority to pay over this trust fund and its accumulations to a separate organization authorized to receive the same and composed of one representative from the Hartford Saengerbund, the Hartford Turnerbund, the Hartford Maennerchor, the German Aid Society, the German-American Alliance of Hartford, and such other German organizations in Hartford as they might invite to co-operate, and organized for the purpose of acquiring, establishing and maintaining a home for poor, elderly and destitute Germans, in accordance with a plan previously advocated by some German organizations in Hartford, and which plan the five heretofore named societies and such other German organizations as should co-operate with them should have decided prior to the formation of such "separate organization" to carry out.

This bequest is made upon the proviso that in case a home is not "acquired and established as aforesaid" within a period of five years from the date of the death of the testator, then the bequest to the respondent shall be void and the trustees are directed to turn over the trust fund to the appellant, the City Missionary Society.

This appeal is from the judgment of the Superior Court confirming the decree of the Court of Probate that the respondent, the August Moeller Memorial Foundation, Inc., is entitled to the bequest as made by the fifth article of this will. The appellant, the City Missionary Society, which would, by the will, take this bequest in the event that the right of the respondent to the bequest should fail, attacks the judgment upon three grounds: (1) that the respondent is not the "separate organization" described in the fifth article; (2) that the purchase of a house largely on borrowed money by a corporation organized by representatives of four out of the five German organizations designated in the testator's will, does not constitute the established home to which the testator desired to bequeath this trust fund under the fifth article; and (3) that no such home had been established within the required period of five years.

The parties to this controversy are in accord, as the terms of the fifth article require, that by this article the testator created a charitable trust for a home for poor, elderly and destitute Germans. The appellant interprets this article as provision for the endowment of such a home to be acquired and established as a separate organization by these German societies; in short, that the bequest of the testator was upon condition that the home had been acquired and established by an organization representative of these societies. The appellant assumes in support of this interpretation that the testator was reasonably assured that a bequest to a home founded and paid for by these German organizations

would provide a home worthily maintained and make his bequest of real value. Further, the appellant argues that the income from the fund left would be a limited one, of material assistance to an established home, but inadequate to itself provide the means to acquire, establish and maintain such a home as the testator contemplated. A will making provision for such a home a condition precedent to this bequest, might have been wise had the German organizations had the interest or the means to provide such a home. The facts found make it very evident that if such a condition had been attached to this bequest it never could have taken effect.

The separate organization provided for by the testator was for the purpose of acquiring, establishing and maintaining a home for poor, elderly and destitute Germans in accordance with the plan the German societies had heretofore decided to carry out. It might very reasonably be held that the fifth article, aside from the proviso, only required these German societies in good faith by vote to decide to acquire, establish and maintain such a home and subsequently to form the separate organization provided for in this article for the like purpose. But the proviso makes it plain that the testator intended that the home should be acquired and established within a period of five years or the bequest would be void. There is nothing said directly nor by implication that the home should be of any particular size or value, or that it should be paid for in full by the separate organization before the bequest could be paid to it by the trustees. We have no right to infer this because it may be a more prudent method of starting this home. The use of "established" as applied to this home, meant that the home should be put in a settled or efficient condition. These societies appointed delegates who met from time to time and discussed the policy they should pursue in the formation of this "separate organization";

they were for a considerable period active in raising funds for this project and were continuing in this activity down to the time of this trial.   On February 13th, 1923, the respondent corporation was incorporated by a representative from each of the German societies named in this article, except one which had disbanded. On the next day it purchased a dwelling-house and paid in $2,000 on the $12,000 purchase price, and immediately dedicated the home to the uses mentioned in this article.   The house was not ready for inmates until nearly three months after its purchase, and since this time the wants of the class for whom the bequest was made have been satisfied as soon as brought to the attention of the respondent.   This class is not a large one in the vicinity of Hartford, and the only inmates in the home have been a man and his wife, the latter being in the home at the time of trial.   The home is now, and was as soon as dedicated, in a settled condition and functioning in accordance with the purpose of the bequest, and hence established.   It is a living institution and in a position to carry out the purposes of the testator.   That the respondent cannot continue to maintain this home without this bequest, does not indicate the testator's intention to, in that case, deprive it of the bequest.   These societies have undertaken the fulfilment of a sacred trust, and the honor of their membership is pledged to keep faith to the testator and to the court of equity whose supervisory power will prevent the waste of the trust fund.

The next ground of appeal is the claimed failure to establish the home as provided by the testator within the period of five years from his death.   We agree with the appellant's view that the proviso in the fifth article is a condition precedent to the taking effect of the bequest.   The language of the proviso is unambiguous and imports a conditional estate.   *Brennan* v. *Brennan,*

185 Mass. 560, 71 N. E. 80; *Wheeler* v. *Walker,* 2 Conn. 196; *Holmes* v. *Connecticut Trust & Safe Deposit Co.,* 92 Conn. 507, 514, 103 Atl. 640.

We do not agree with the appellant's view, that the facts found show that the home was not established within the five-year period. The activities of these societies culminating in the organization of the respondent corporation in the manner provided by the fifth article, the purchase of a dwelling-house and the paying of $2,000 toward the purchase price, and its forthwith dedication to the uses specified by the testator, all prior to the expiration of the period, was an establishment of a home as contemplated and provided for by the testator. The mere fact that it required repair, which was at once begun, to make it ready for inmates, and the fact that there were no inmates of the home until May 15th, 1923, are considerations which do not affect the question of the establishment of the home which had already become a fact. Besides, we understand the finding to be that no applicants for admission were refused by respondent. The sentence preceding the proviso tends strongly to confirm our construction of what the testator meant by "established." We find no occasion, in view of our conclusion, to consider the reason offered by the respondent for the failure to act more promptly in organizing the respondent and in acquiring and establishing the home, viz: its erroneous impression, due to the advice of counsel, that it had five years from the date of settlement of the estate in which to organize, instead of five years from the death of the testator.

The last point which the appellant urges is that the respondent is not the "separate organization" described in this article of the will, since it was organized and incorporated by representatives of only four of the five German organizations named in this article.

The testator does not limit the organization to these five societies, but adds to their number "such other German organizations in Hartford as they may invite to co-operate with them or participate in such undertaking." The testator did not intend that only a fixed number of trustees or organizers should administer this trust. He was not particular as to the number. His chief thought was for the establishment of a home for the German people to whom he belonged and with whom he had associated during his life. The death of a trustee, or the disbanding of a corporation which is named as a trustee, will not destroy the trust. In this case the German-American Alliance by disbanding ceased legally to exist. No trust is ever allowed to fail for lack of a trustee. If all had ceased to exist, the court under statutory authority and under its equitable power would supply the trustees. General Statutes, § 5035; *Wheeler's Appeal,* 70 Conn. 511, 40 Atl. 452. In this case four of the five specifically named societies are still in existence, so if this could be construed to be a vacancy, the practical considerations which would require it to be filled in the ordinary case of the decease of a trustee would not apply.

The case upon which appellant relies, *Crum* v. *Bliss,* 47 Conn. 592, which holds that the formation of an organization with like purposes to that designed by the testator, cannot execute the trust committed by the testator to the other organization, is not applicable. The respondent is not another "separate organization" exercising like powers to the "separate organization" provided for by the testator, but the identical organization of his intention.

There is no error.

In this opinion the other judges concurred.