FREDERICK H. ALLEN, ADMINISTRATOR C.T.A. (ESTATE OF JOHN H. TYSON) *v.* SHIRLEY N. TYSON ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 9—decided June 26, 1947

*Raymond T. Benedict,* with whom, on the brief, was *John Keogh, Jr.,* for the appellants (defendants John H. Tyson, Jr., and Charles D. Tyson).

*Alan M. MacCracken,* with whom, on the brief, was *William C. Strong,* for the appellee (defendant Shirley N. Tyson).

*William L. Tierney, Jr.,* and *Frederick H. Allen* appeared for the plaintiff but did not argue the cause.

BROWN, J. John H. Tyson of Greenwich died April 30, 1942, leaving a wife, Shirley N. Tyson, to whom he was married April 27, 1937. He was also survived by three sons, two by a former marriage which was terminated by a decree of absolute divorce on March 6, 1937, and the other the child of Shirley N. Tyson. In his will, executed February 14, 1942, Tyson named an executor, directed the payment of

his debts by the executor "as soon as possible" after his death and, after referring to his three children by name, provided that the child's mother in each instance should be guardian of such child's share "of the funds to be distributed to my minor children in undivided equal interests" and designated a "trustee of the funds for distribution to the various children during their minority." The following is the only other provision in the will: "I give, devise and bequeath unto my beloved children, of which there are three at this time, share and share alike in my estate, giving unto each an undivided interest over and above the amount to which my wife may be entitled under the laws and statutory enactments of the State of Connecticut." In this action for the construction of the will, two questions were propounded for adjudication: 1. Is Shirley N. Tyson, the widow surviving, entitled to the life use of one-third of the estate? 2. Is Shirley N. Tyson, the widow, entitled to one-third of said estate absolutely? By its judgment the trial court answered "No" to the first question and "Yes" to the second. The ultimate question upon this appeal is whether Shirley N. Tyson is entitled to the life use only of one-third of the estate or to one-third absolutely.

Section 5156 of the General Statutes prescribes what the widow's share shall be. Its essential provisions pertinent to the factual situation in this case are: Upon the death of the husband the surviving wife "shall be entitled to the use for life of one-third in value of all the property . . . owned by the other at the time of his . . . death, after the payment of all debts . . . against the estate. . . . The right to such third shall not be defeated by any disposition of the property by will to other parties,

but, if there be no will, the survivor shall take such third absolutely. . . . In case the husband shall have by will devised or bequeathed a portion of his property to his surviving wife . . . such provision shall be taken to be in lieu of the share herein provided for, unless the contrary shall be expressly stated in the will or shall clearly appear therein; but, in any such case, the party shall have . . . her election whether to accept the provision of such will or take such life use of one-third" by following the procedure specified.

The conclusion reached by the trial court is predicated upon its determination that the provision of the will above quoted constituted a testamentary disposition to Shirley of "that amount to which my wife may be entitled under the laws and statutory enactments of the State of Connecticut." Proceeding upon this premise, the court went on to conclude that the testator's intent under the will was to leave one-third of his estate to his wife absolutely and that she took accordingly. The first question, therefore, is whether or not his wife's statutory share, to which the testator thus referred, passed to her by virtue of this provision of the will. The concession in argument by counsel for the children that it did so pass is not effective to relieve us of the duty of deciding this question. *Burnham* v. *Burnham,* 101 Conn. 529, 533, 126 A. 704.

There are two outstanding ambiguities in this provision. The first is: Did the testator intend to give to his widow the statutory share designated so that she takes under the will, or did he intend to dispose only of so much of his estate as was left after the portion she would take apart from the will had been set aside? The second is: Did he mean to give her

the share she would have taken under the statute had he died intestate or the share she would receive if he made a will? The answer to the first of these questions depends upon whether the will is to be construed as making a gift by implication to the widow of a share equivalent to that which she would take under the statute. The will appoints an executor and requests that he pay all of the testator's debts as soon as possible. If the widow takes under the statute, the part that goes to her would be intestate. In such a situation, the executor would be, "ex officio, the administrator of the intestate estate." General Statutes § 4901. By virtue of the statute he would hold it as administrator and not as executor. Since the will, however, directs that the debts be paid by the executor, he would have to pay them out of the testate property and could not pay them out of that which is intestate. Not only can no intent to bring about such a result be attributed to the testator but this result would in fact be contrary to the terms of the first provision of § 5156, which specifies that the widow's share is to be set out "after the payment of all debts and charges against the estate." The will therefore must be held to indicate that in the testator's mind all of the property which he left was to be treated as a unit, that is, was to pass under the will.

This conclusion is fortified by the presumption against partial intestacy. "Under ordinary circumstances a man makes a will to dispose of his entire estate, or, at least, of his estate as it exists at the time he makes his will. If, therefore, a will is susceptible of two constructions, by one of which testator disposes of the whole of his estate, and by the other of which he disposes of a part of his estate only, and dies intestate as to the remainder, the courts will prefer

the construction by which the whole of the testator's estate is disposed of, if this construction is reasonable and consistent with the general scope and provisions of the will." 2 Page, Wills (Lifetime Ed.) p. 845. This case is peculiarly one for the application of this principle, for, since the testator intended the widow to take, the presumption would not result in giving property to one who would not otherwise receive it but only in determining that the gift is under the will and not outside it.

The basis usually given for the presumption is: "Every intendment is to be made against holding a man to be intestate, who sits down to dispose . . . of his property." *Warner* v. *Willard,* 54 Conn. 470, 472, 9 A. 136. But in a situation such as this there is an additional practical reason. To administer an estate as partly testate and partly intestate makes for duplication and confusion. For example, are claims to be presented to the executor as such or to the administrator? And if made to one and not the other, how are inequities to be prevented? It is unlikely that a testator would intend, in making a will, to open the way for so much confusion and so many complexities. See *Meriden Trust & Safe Deposit Co.* v. *Squire,* 92 Conn. 440, 453, 103 A. 269. That the share the widow is to take is designated by reference to the provisions of the statute determining the rights of a surviving spouse is not necessarily of itself determinative that she takes the property as intestate *Daboll* v. *Daboll,* 101 Conn. 142, 148, 125 A. 253; *Dickerman* v. *Alling,* 83 Conn. 342, 344, 76 A. 362. It is our conclusion that this will expresses an intent on the part of the testator to dispose of all of his estate, and that in view of this the words in question are to be construed to amount to a gift under the will by im-

plication. *Minor* v. *Ferris*, 22 Conn. 371, 378; *Peckham* v. *Lego*, 57 Conn. 553, 558, 19 A. 392; and see *Phoenix State Bank & Trust Co.* v. *Johnson*, 132 Conn. 259, 264, 43 A. 2d 738.

The determination that the widow's share passed to her under the will and not as intestate property by the statute leaves no doubt concerning the answer to the second question, as to what is meant by the provision in the will, "that amount to which my wife may be entitled under the laws and statutory enactments of the State of Connecticut." The deceased made a will, and, since his competency is unquestioned, it must be assumed that he knew and understood the nature of his wife's statutory share to which he referred. *Bridgeport City Trust Co.* v. *Shaw*, 115 Conn. 269, 272, 161 A. 341. It follows as a necessary result that he did not intend the clause in the statute "if there be no will" to be applicable. This being so, he could only have intended the alternative provision, that she receive the life use of one-third, to apply. Therefore Shirley N. Tyson is entitled to the life use only of one-third of the testator's estate. The answer to the first question propounded is "Yes" and to the second "No."

There is error, the judgment is set aside and the case is remanded to the Superior Court with direction to enter judgment in accord with this opinion.

In this opinion MALTBIE, C. J., JENNINGS and DICKENSON, Js., concurred; ELLS, J., dissented.