LUCY ZDANOWICH, EXECUTRIX (ESTATE OF JOHN VENA) *v.* DOMINICA SHERWOOD ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE NO. 91608

Memorandum filed June 29, 1954.

*Goldstein & Peck,* of Bridgeport, for the plaintiff.

*J. Walter Scheffer,* of Bridgeport, for the defendants.

MURPHY, J. The plaintiff, executrix and trustee under the will of her father, John Vena, has brought this action to construe certain provisions of that will. The father died August 29, 1953. His will was executed July 16, 1953. He is survived by his widow, two sons and four daughters.

The first paragraph of the will provides for payment of debts, funeral expenses, etc. The second and third paragraphs read as follows: "SECOND: I give, devise and bequeath unto my wife, Loretta Vena, of the said City of Bridgeport, for the remainder of her natural life or until she shall remarry, or until she expends any of the sums inherited by her from my estate for the support of my son, Anthony John Vena, the use and occupancy of the

home in which she now lives at 281 Hollister Avenue in said City of Bridgeport, together with the land which surrounds said home and all of the furnishings, furniture and equipment thereof. THIRD: However, upon the decease of my wife, or her remarriage or in the event that she expends any of the funds which she has received from me at the time of my death toward the support of my son, Anthony John Vena, which would be contrary to my desire, then I give, devise and bequeath all of said property both real and personal for which my wife has the useful right of until her remarriage or until she expends any of my money for the support of my son the said Anthony John Vena under the terms of this paragraph, in equal shares to my children, *Mrs. Stanley Zdanowich,* of Fairfield, *Mrs. Edwin Sherwood,* of Milford, *Mrs. Dominic Quinto,* of Bridgeport, *Mrs. Frank Masso,* of Bridgeport, and *John Vena,* who is now living with me in Bridgeport."

The fourth paragraph conveys the residue of the estate, both real and personal, to the plaintiff as trustee, however, and after directing the manner in which the trust estate shall be managed and invested, the following provision is made in subparagraph (e): "(e) I direct that said Trustee to pay the entire net income from said trust estate, at such times and in such amounts as to her it shall seem wise, to or for the use of my wife Loretta Vena, during the remainder of her natural life, or until she shall remarry, or until she spends any of the money from my estate for the support of My Son, Anthony John Vena, and, if at any time during such period the said Trustee shall be of the opinion that the income from said trust estate is not sufficient to afford my said wife a suitable and comfortable maintenance, then said Trustee is authorized, at her sole discretion, to use or pay unto her from the principal of the trust such sums as to her shall appear reason-

able and proper for that purpose. My trustee shall have the power and right within her sole discretion to determine whether my wife has violated my desire concerning the support of Anthony John Vena and should she so decide she may terminate and my estate shall go to the children set forth in paragraph number third above."

The fifth and concluding paragraph of the will appoints the plaintiff executrix.

Specifically, the plaintiff and the defendants claim that the provisions in the second, third and fourth paragraphs of the will which provide for defeasance of the widow's life interest in the realty and the life income from the trust are invalid. If unanimous agreement of all those interested was sufficient, the court's burden would be simple.

The duty of deciding the question rests upon the court and it cannot escape it because of concessions by the interested parties. *Burnham* v. *Burnham,* 101 Conn. 529, 533; *Union & New Haven Trust Co.* v. *Sellek,* 128 Conn. 566, 571; *Allen* v. *Tyson,* 133 Conn. 699, 702.

As a general rule, a testator has the right to impose such conditions as he pleases upon a beneficiary as conditions precedent to the vesting of an estate in him or to the enjoyment of a trust estate by him as *cestui que trust.* He may not, however, impose one that is uncertain, unlawful or opposed to public policy. *Holmes* v. *Connecticut Trust & Safe Deposit Co.,* 92 Conn. 507, 514; *DeLadson* v. *Crawford,* 93 Conn. 402, 410; *Colonial Trust Co.* v. *Brown,* 105 Conn. 261, 284. The intent of the testator is to be determined by the reading of the will as a whole. *Alsop* v. *Russell,* 38 Conn. 99, 101; *Mosle* v. *Goodrich,* 94 Conn. 426, 430; *Mitchell* v. *Reeves,* 123 Conn. 549, 556.

The question for the court to determine is not why he did what he did, but simply what has he in fact done. We must look for his intention only in the will itself, and in that he has expressed himself in language free from all ambiguity. *Warner* v. *Willard,* 54 Conn. 470, 472; *Mitchell* v. *Reeves,* supra; *Central Hanover Bank & Trust Co.* v. *Mason,* 129 Conn. 350, 351.

The testator has not only excluded his son Anthony from sharing in his estate but provides for the forfeiture by the widow of her life use of the realty and the income from the trust fund if she diverts any part of that income to the support of Anthony. It may well have been the intent of the testator to guard the widow from the temptation to neglect her own welfare while being too indulgent with the son. That would not make the restriction illegal.

The phrasing of the restrictive clause is inartfully expressed. The first impression is that the choice of words and their use result in uncertainty.

In the second paragraph, the use of the word "inherited" with reference to the income from the trust fund is especially inappropriate. To inherit is to take as an heir at law by descent or distribution and not by will. *Warren* v. *Prescott,* 84 Me. 483, 487; *Lyon* v. *Lyon,* 88 Me. 395, 405; *Dickenson* v. *Buck,* 169 Va. 39, 44; *Condren* v. *Marlin,* 113 Okla. 259, 241 Pac. 826; *McFadden* v. *McNorton,* 193 Va. 455, 69 S.E.2d 445; *In re Buell's Estate,* 167 Ore. 295, 305. The widow does not inherit this income. It is set out to her by will.

A skilled draftsman would have followed a different format in setting out the testator's disposition of his estate. Paragraph four could well have preceded the third paragraph. Where the draftsman of a will is unskilled, too great emphasis should not be

placed upon the precise legal construction of language or phraseology. *Perry* v. *Bulkley,* 82 Conn. 158, 164; *Frederick* v. *Alling,* 118 Conn. 602, 605.

Counsel contend that to prohibit the widow from using any of the income to support Anthony is contrary to public policy. As Anthony is over twenty-one years of age, he has been emancipated. *Plainville* v. *Milford,* 119 Conn. 380, 384. The obligation of parents to support their children continues until they reach majority unless physically or mentally defective. 39 Am. Jur. 645. However, under the provisions of § 2610 of the General Statutes, as amended by § 1111c of the 1953 Cumulative Supplement, a mother is obligated to support her son if he becomes poor and unable to support himself. If Anthony became unable to support himself, through no fault of his own, the mother would face court action to require her to do so. It would be anomalous if she was prevented by will from doing that which the law required.

The provisions in the second, third and fourth paragraphs of the will which provide for the forfeiture of the widow's interest in the estate in the event that she should use any of the income for the support of Anthony are invalid, as they are contrary to public policy and uncertain.

Stripped of these provisions, the will gives to the widow the life use of the realty so long as she does not remarry. All of the rest of the estate goes to the plaintiff as trustee. She is to pay the entire net income to the widow during her life. If the income is not sufficient to properly maintain the widow, the trustee has the discretion to invade the principal for this purpose. Upon the death or remarriage of the widow, all of the property in the estate (both the realty and the corpus of the trust) vest in the five children named in paragraph three in equal shares.

The plaintiff is allowed the sum of $500 and the defendants the sum of $200 for counsel fees and expenses in this court. Judgment accordingly.