[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
On September 24, 1993 the plaintiff, the State's Attorney of Litchfield County, held a news conference to announce that his decision was not to prosecute the famous actor and director Woody Allen for sexual abuse of his daughter that allegedly happened in Connecticut. Attorney Maco also faxed a press release of his decision to the Surrogate and Supreme Court of New York on the same day. Both of those courts were involved in ancillary matters of the Woody Allen saga.
As a result of Attorney Maco's actions, Mr. Allen filed a complaint with the Statewide Grievance Committee (hereafter SGC) claiming that Attorney Maco's actions violated the Rules of Professional Responsibility. It was Mr. Allen's claim that the actions of Attorney Maco were done to attempt to influence the civil litigation in New York between Mr. Allen and Ms. Mia Farrow.[1]
Per procedure, the SGC referred the complaint to the Local Grievance Panel for the Judicial District of Litchfield. After a hearing in which a videotape transcript of the press conference and the testimony of witnesses was reviewed, the Local Panel made a finding of no probable cause of an ethical CT Page 7102 violation stating, "repeated public comments by Woody Allen and his counsel created an impression that the prosecutor had misused his office and that this warranted a public response by [State's] Attorney Maco."
After a finding of no probable cause by the local Grievance Panel and in accordance with Practice Book 27J(c),[1*] the SGC conducted a meeting in which thirteen of the fifteen members participated and voted to reverse the Local Grievance Panel's determination of no probable cause. The vote consisted of two members abstaining, five voted to affirm the finding of no probable cause and six voted to reverse.
As a result of the Statewide Grievance vote, the plaintiff brought a declaratory action seeking to enjoin the SGC from going to the next level of a public hearing on the grievance complaint filed against the plaintiff.[2]
It is State's Attorney Maco's claim that he is being irreparably harmed in that:
 a) he has been denied his constitutional rights to due process;
 b) his personal and professional reputation is being unjustly impugned;
 c) his ability to perform his job as State's Attorney is unnecessarily and unjustly impaired and affected; and
 d) he is being unnecessarily and unjustly subjected to the process of continued review of this matter by the defendant.
On February 7, 1995 the defendant filed a Motion to Dismiss counts 1 through 7 of the plaintiff's complaint. It is the defendant's position that the court lacks subject matter jurisdiction since the plaintiff has adequate remedies at law and he has failed to exhaust his remedies. On the same day the defendant filed a Motion to Stay Count Eight claiming that the constitutional violation complained of will be disposed of by the Connecticut Supreme Court in the case ofJohn M. Massameno, et al v. Statewide Grievance Committee,
CV92-0703564S. CT Page 7103
On April 18, 1995 the defendant filed a Supplement Motion to Stay and asked this court to stay the entire complaint of the plaintiff until the Massameno decision is rendered. A hearing was held by this court on all the motions on May 5, 1995.[3]
The plaintiff, in his complaint, has alleged the following procedural improprieties to have been committed by the SGC:
1. That Rule 6D[2*], of the SGC rules of procedure requires that in the event of a finding of no probable cause that an attorney is guilty of misconduct by the local grievance panel the case shall be reviewed by the "entire"
SGC. In this case the record shows that two voting members did not participate in the vote to find probable cause by the statewide panel.
2. That the SGC violated Practice Book Section 27G which requires that the committee shall act only with a concurrence of a majority of its members, provided, however that seven members shall constitute a quorum. It is the plaintiff's contention that since only six members of the panel voted to reverse the local panel's decision, it was two members short of a majority necessary.
3. That the SGC's vote of thirteen members violated SGC's Rule 1B[3*] that requires "all decisions of the [SGC] shall be by majority vote of those present and voting." Since only six of the thirteen members present voted, the vote constituted a violation of the majority rule. It was also the plaintiff's position that the vote constitutes a violation of 27G(b)[4*] of the Practice Book. As previously noted two members of the thirteen present for the meeting abstained.
4. That the SGC is governed by General Statutes Section51-14 which requires the SGC to publish any proposed changes in their rules subject to public comment prior to adoption and use. Here the plaintiff relied on SGC rule 6D with its changes that were adopted by the Judges in October of 1993 but not by the SGC until the following year on August 31, 1994.
5. That the standards for voting were inconsistent and violated the plaintiff's due process rights. CT Page 7104
6. That subsequent to the finding of probable cause by the six members of the SGC, the plaintiff asked for and was denied his right to discovery, thereby violating his right to procedural due process.
 II.
A motion to dismiss is the "`proper vehicle for claiming any lack of jurisdiction in the trial court.'" (Emphasis in original.) Upson v. State, 190 Conn. 622, 624-25 n. 4 (1983), quoting Carpenter v. Planning Zoning Commission, 176 Conn. 581,587 n. 5 (1979). The motion places in question any plaintiff's right to assert the particular cause of action based on jurisdiction defects. Practice Book 142-46. "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the"court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book 145. "`Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong.'" LeConche v.Elligers, 215 Conn. 701, 709 (1990), quoting Shea v. FirstFederal Savings Loan Assn. of New Haven, 184 Conn. 285, 288
(1981). The court is without subject matter jurisdiction only if it has no competence to entertain the action before it;Meinket v. Levinson, 193 Conn. 110, 115 (1984); and, every presumption should be made in favor of finding jurisdiction. See: LeConche v. Elligers, supra, 709-10. Consideration of the issues raised on a motion to dismiss usually will not encompass an assessment of the merits of the action.Lampasona v. Jacobs, 209 Conn. 724, 728 cert. denied, 492 U.S. 919,109 S.Ct. 3244, 106 L.Ed.2d 590 (1989).
In deciding the Motion to Dismiss, the plaintiff has to survive the crucial threshold question on whether this court has subject matter jurisdiction. Here the plaintiff is seeking temporary and permanent relief asking this court to enjoin the defendant from conducting a SGC public hearing.
DOES THE EXHAUSTION DOCTRINE BAR THIS ACTION.
In order to prevail, the plaintiff must have a colorable constitutional claim and that claim must be recognized as an exception to the exhaustion doctrine. Further the court must CT Page 7105 find irreparable harm with no adequate remedies of law.
In reviewing the claims of the plaintiff, this court finds the procedural due process claims alleged to be violated constitute colorable constitutional claims of law. Although finding a colorable claim this court must decide whether the claims, individually or collectively, constitute an exception to the exhaustion doctrine.
"The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's finding and conclusions . . . . The doctrine of exhaustion furthers the salutary goals of relieving the courts of the burden of deciding questions entrusted to an agency . . . in advance of possible judicial review. Most important, a favorable outcome will render review by the court unnecessary . . . (a) complaining party may be successful in vindicating his rights in the administrative process. If he is required to pursue his administrative remedies, the courts may never have to intervene." Pet v. Dept. of Health Services, supra, 350-352. (Multiple citations and internal quotation marks omitted).
This rule of exhaustion of remedies is subject to a few exceptions, one of which involves certain constitutional challenges to the propriety of the procedures followed by the administrative agency or board. LaCroix v. Board ofEducation, 199 Conn. 79 (1986) citing Connecticut Light Power Co. v. Norwalk, 179 Conn. 111, 425 A.2d 576 (1979). For example, the "exhaustion of administrative remedies is not required when the challenge is to the constitutionality of the statute or regulation under which the board or agency operates rather than the actions of the board or agency." (citations omitted.) Id., n. 7, 79.
Furthermore, courts have allowed direct actions where the plaintiff did not deliberately bypass the appeal process; seeLaCroix, supra, 81; Connecticut Light Power Co. v. Norwalk,
supra; or when utilizing the process would be inadequate or futile.
The plaintiff claims that he has exhausted his administrative remedies and is entitled to an exemption of the exhaustion doctrine for a few reasons. First, the procedural CT Page 7106 conduct of the defendant is a constitutional issue that holding a public hearing on the merits and prevailing, will not address the procedural claims he raises; second, that once the defendant rejected his procedural claims that rejection satisfied his need to exhaust his administrative remedies; third, that the challenge to the SGC violation of governing statutes and rules of procedure is a challenge to the deprivation of the basic notions of due process and is exempt from the exhaustion doctrine; fourth, that the issue here distinguishes between the constitutionality of the merits of the agencies actions versus its procedural conduct and thereby is a permitted action under Pet v. Department of HealthServices, supra.
The court has recognized only very limited exceptions to the exhaustion doctrine. O G Industries, Inc. v. Planningand Zoning Commission, 232 Conn. 419, 426 (1995); PolymerResources, Ltd. v. Keeney, 227 Conn. 545, 561 (1993); Pet v.Department of Health and Services, supra; LaCroix v. Board ofEducation, supra. In the area of constitutional claims, the court has permitted challenges to the underlying constitutionality of the statute or a regulation, but generally disallows challenges to the actions of the board or the agency. O G Industries, Inc. v. Planning and Zoning,
supra, 426, n. 5; LaCroix v. Board of Education, supra, 79, n. 7. In Pet, supra, the Supreme Court noted that the mere assertion of procedural illegality is not sufficient in itself but must be read in light of the specific circumstances. Injunctive relief should not be allowed for every procedural matter in which a person considers himself aggrieved.
Our Supreme Court has allowed the raising of such issues in declaratory judgment actions. Friedson v. Westport,181 Conn. 230 (1980); Aaron v. Conservation Commission, 178 Conn. 173
(1979).
In this case the plaintiff argues strongly that the governing case is LaCroix v. Board of Education, supra, and this court should deny the motion to dismiss. In readingLaCroix, supra, the court significantly relied upon the fact that the plaintiff did not deliberately bypass the administrative remedies available and that the Board of Education defaulted by not holding a hearing prior to the termination of the plaintiff's employment. Based upon their actions it was found that the plaintiff was deprived of an CT Page 7107 opportunity to be heard in a timely and meaningful manner.
In deciding this motion to dismiss, this court must look at the nature of the harm to see if there is an adequate remedy of law. If this motion to dismiss is granted the defendant will provide the plaintiff with a public hearing in accordance with Practice Book § 27J. In Statewide GrievanceCommittee v. Presnick, 215 Conn. 162, 170-171 (1990), the Supreme Court stated:
 "The public hearing that must follow a finding of probable cause; see Practice Book § 27J; or the presentment proceedings themselves provide a constitutionally adequate public forum at which the attorney may clear his name."
Here the plaintiff is entitled to a public hearing in which he would be able to attempt to clear his name. Admittedly the hearing will focus on the grievance without addressing the merits of the alleged procedural infirmities. However, if the plaintiff fails to prevail on the merits at the public hearing, he is entitled to appeal to the Superior Court in accordance with Practice Book Rule 27N(a).[5*] Although the appeal is confined to the record in accordance with Rule 27N(d)[6*], this court notes that the plaintiff's procedural claims will not be lost. As stated in 27N(d), "If alleged irregularities in procedure before the Statewide Grievance Committee are not shown in the record, proof limited thereto may be taken in the court."
Thus, if the plaintiff does prevail on the merits, he would have been vindicated and the case resolved and if not, he may raise not only his defenses as to the merits of the grievance but he can specially request further relief from the court on any procedural improprieties.
The defendant SGC is charged with the solemn responsibility of deciding whether an attorney has committed a grievable offense which can lead to the loss of ones livelihood and ultimate source of income. With that responsibility, the SGC should and must strive for procedural perfection in its interpretation and reliance upon its own statutes and rules. Anything less could subject an attorney to unnecessary anguish, embarrassment and expense. CT Page 7108
A license to practice law is a franchise which is regarded as a property right. In re Application of Dodd,133 Conn. 702, 705 (1945). In order to be deprived of this property right, an attorney is entitled to both procedural and substantive due process, and the minimum amount of process which is due has been mandated by the statutes and by the rules of practice.
Although somewhat sloppy and careless in its performance here, the allegations of procedural improprieties either individually or collectively do not mount to an exception to the exhaustion of administrative remedies as required by Pet,
supra.[4]
Clearly navigating between Scylla and Charybdis this court finds that the name clearing hearing allowed by statute is sufficient to provide for the due process hearing necessary in a meaningful time and meaningful manner and constitutes an adequate remedy of law. This court lacks subject matter jurisdiction. The Motion to Dismiss Counts 1 through 7 is granted.
Norko, J.